Judy ALONSO, As Representative of the Estate of Christian Keener Cagle, and Donnye Smith Nash, Plaintiffs,

v.

MAYTAG CORPORATION, Gerring Properties, Inc., and Factory Builders Stores, Inc., Defendants.

No. CIV.A. H–04–4445.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 16, 2005.

Jeffrey W. Steidley, The Steidley & O'Neill Law Firm, Houston, TX, for Plaintiff—Judy Alonso.

Kevin M. Young, Daivd M. Prichard, Prichard Hawkins McFarland & Young LLP, San Antonio, TX, for Defendant—Maytag Corporation.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion Under 28 U.S.C. § 1447(c) for Remand and Demand for Jury Trial filed by Plaintiffs Judy Alonso and Donnye Smith Nash ("Plaintiffs"). Having considered the motion, submissions, and applicable law, the Court determines Plaintiffs' motion should be granted.

## BACKGROUND

Plaintiffs Judy Alonso[1] and Donnye

---

1. Judy Alonso represents the estate of Dr. Christian Keener Cagle, presumably a Texas citizen.

Smith Nash[2] allege that, on or about May 2, 2003, Christian Keener Cagle died as a result of a fire involving a Jenn–Air stove, which was designed, manufactured, and sold by the Defendant Maytag Corporation ("Maytag"). On October 7, 2004, Plaintiffs filed suit in Probate Court Number Two of Harris County, Texas against three defendants: Maytag, Gerring Properties, Inc. ("Gerring"), and Factory Builders Stores, Inc. ("Factory Builders"). In their original petition, Plaintiffs assert three causes of action collectively against the three Defendants: (1) strict products liability in the design, manufacture, and/or sale of the Jenn–Air stove; (2) negligence in the design, manufacture, assemblage, marketing, and/or sale of the Jenn–Air stove; and (3) violations of the Texas Deceptive Trade Practices Act ("DTPA").

On November 19, 2004, seventeen days after Plaintiffs served their petition, Maytag filed a notice of removal, alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1332(a). Defendant Maytag, a corporation duly organized under Delaware law with its principal place of business in Newton, Iowa, asserts diversity jurisdiction exists because Gerring and Factory Builders, both Texas corporations, were fraudulently joined by Plaintiffs for the purpose of defeating diversity jurisdiction.[3]

On November 29, 2004, Plaintiffs filed the instant motion to remand contending they did not join Gerring and Factory Builders to defeat diversity jurisdiction and they pled viable causes of action against both Gerring and Factory Builders under Texas Law.

### STANDARD OF REVIEW

A defendant may remove a civil action brought in a state court to a United States district court for the district and division where such action is pending if the district court has original jurisdiction over the civil action. 28 U.S.C. § 1441(a) (2000). For the purpose of diversity jurisdiction, a federal district court has original jurisdiction over a civil action between citizens of different states when the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) (2000). However, the district court must remand the case under 28 U.S.C. § 1447(c) if the court determines it lacks subject matter jurisdiction at any time before it enters a final judgment, and the court may require payment of costs incurred by removal, including attorney's fees. 28 U.S.C. § 1447(c) (2000).

A plaintiff may not simply quash diversity jurisdiction by fraudulently joining a non-diverse defendant. *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir.2004). However, the heavy burden of persuasion rests with the removing party alleging fraudulent joinder of a non-diverse defendant. *Id.* at 334. "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith . . . ." *Id.* at 335 (quoting *Chesapeake & Oh. Ry. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914)).

A moving party attempting to establish fraudulent joinder may choose between two available methods: (1) show actual fraud in the pleading of jurisdictional facts or (2) demonstrate the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Travis v. Irby*, 326 F.3d 644, 647

---

2. Donnye Smith Nash is a domiciliary of Louisiana.

3. It is facially apparent from Plaintiffs' original petition that the amount in controversy exceeds $75,000.

(5th Cir.2003). In order to show "*absolutely no possibility* that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court," the defendant must demonstrate "the *absence of any possibility* that the opposing party has stated a claim under state law." *Id.* (emphasis in original).

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Id.* at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002) (emphasis added; internal citation and quotations omitted)).

 In order to determine if a reasonable basis exists for predicting state liability on the facts involved, the court may pierce the pleadings and consider "summary judgment-type evidence" in the record, but the court may not consider causes of action not asserted in the original state court petition. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir.1999) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir.1995)). The court may also consider post-removal "'summary judgment-type' evidence and assertions," as long as no new theories or claims are presented. *Skinner v. Cooper Tire & Rubber Co.,* No. Civ.A.3:40–CV–0653–D, 2004 WL 1171201, at *2 n. 4 (N.D.Tex. May 26, 2004).

 Although the evidentiary inquiry above resembles a summary judgment standard, the court applies a standard closer to a Rule 12(b)(6) standard; the court must resolve any contested issues of fact and any ambiguities of state law in favor of the plaintiff. *McKee,* 358 F.3d at

329. Only after the court resolves all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-moving party will the court determine whether that party has *any possibility of recovery* against the party whose joinder is questioned. *Travis,* 326 F.3d at 648.

### LAW AND ANALYSIS

██ ██ At the outset, the Court notes that, as a general rule, all co-defendants must consent to the removal of a case. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993). However, when faced with a case involving alleged or improper joinder of parties, "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists." *Id.* Thus, because Maytag alleges fraudulent joinder, Gerring and Factory Builders are not required to consent in removal. *See id.*

Regarding Maytag's assertion of fraudulent joinder, if there exists any possibility of recovery on even one of Plaintiffs' three claims against Gerring or Factory Builders, the court must remand the entire case to state court. *Gray v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 412 (5th Cir. 2004) ("Although our fraudulent joinder decisions have never made the issue entirely pellucid, § 1441's holistic approach to removal mandates that the existence of even a single cause of action against instate defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court"); *see also Green v. Amerada Hess Corp.,* 707 F.2d 201, 208 (5th Cir.1983) (stating if even one of the plaintiff's many claims might be successful, it is necessary to remand the action to state court); *Moody Nat'l Bank v. St. Paul Mercury Ins. Co.,* 193 F.Supp.2d 995, 1000 (S.D.Tex.2002) (remanding the case because plaintiff was

able to recover under one of his many theories).

## I. *Viability of the strict products liability and negligence causes of action*

■ Maytag's claim that Plaintiffs fraudulently joined Gerring and Factory Builders to defeat diversity relies upon a finding by this Court that no reasonable basis exists to predict that Texas law may impose liability. Acknowledging all facts alleged in the record as true, the Court examines the strict products liability and negligence causes of action asserted collectively against the three Defendants.[4]

Plaintiffs, in paragraphs six and seven of their original petition, assert: (1) a strict products liability action alleging Defendants designed, manufactured, and/or sold into the stream of commerce a product dangerous as designed and marketed, and (2) a negligence action alleging Defendants negligently designed, manufactured, assembled, marketed, and/or sold a product that was the proximate cause of Plaintiffs' injuries.

Maytag correctly directs the Court's attention to Chapter 82 of the Texas Civil Practice and Remedies Code governing products liability actions in Texas. The term "[p]roducts liability action," defined in § 82.001, includes:

> [A]ny action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based

in strict tort liability, *strict products liability, negligence,* misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.001 (Vernon 1997) (emphasis added). Plaintiffs' original petition alleges both strict products liability and negligence causes of action under Texas law. Because § 82.001 specifically includes strict products liability and negligence causes of action as "[p]roduct liability action[s]," both causes of action are governed by the provisions set forth in Chapter 82. *Id.*

Section 82.003, a recent addition to Texas law, states: "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon Supp.2004). In essence, § 82.003 denies, under the umbrella of products liability, recovery from a product seller who merely distributes a defective product. *Id.* Although Texas chose to protect the seller who simply distributes a product, the state statutorily created seven exceptions to the rule. *Id.* However, Plaintiffs failed to allege any facts establishing Defendants' liability under any of the seven exceptions. Hence, based on the pleadings, no reasonable possibility exists for Plaintiffs to establish the above causes of action against Gerring and Factory Builders, two non-diverse Texas companies who *merely distributed* Maytag's Jenn–Air stove.[5]

4. Despite Maytag's argument that Plaintiffs failed to allege a cause of action against Gerring and Factory Builders in the original petition, the court reasonably infers that, by asserting claims against "Defendants," Plaintiffs alleged all three causes of action collectively against all three Defendants. *See Rivero v. Blue Keel Funding, L.L.C.,* 127 S.W.3d 421, 423–24 (Tex.App.-Dallas 2004, no pet.) (inferring defendants had reasonable notice from plaintiff's original complaint despite the lack

of specific identification of defendants' name in the pleadings). Any dispute by Maytag over the sufficiency of Plaintiffs' pleading should have been raised either in state court by special exception under Texas Rule of Civil Procedure 91 or in federal court via Federal Rule of Civil Procedure 12(b)(6).

5. The court assumes that Gerring and Factory Builders merely distributed the Jenn–Air stove because Plaintiffs failed to allege any facts that would warrant liability under any of the

## II. *Viability of DTPA claims*

■ Acknowledging all facts alleged in the record as true, the Court examines Plaintiffs' DTPA causes of action alleged collectively against Defendants. Under similar circumstances, a district court granted a motion to remand, denying fraudulent joinder, when a diverse defendant failed its heavy burden and did not establish there was "absolutely no possibility" that the plaintiffs could prevail on a DTPA cause of action against the in-state defendants in state court. *Skinner*, 2004 WL 1171201, at *2.

Here, Plaintiffs' original petition states:

Plaintiffs' decedent was a consumer, as that term is known and understood under Texas law as it applies to deceptive trade practices. Defendants' actions were violative of the Texas Deceptive Trade Practices Act, and such violation was a producing cause of the injuries and damage sustained as a result of the incident in question[.] *Pleading more specifically, and in the alternative Plaintiffs would show that the product was represented by Defendants to be fit for the ordinary use for which it was intended, and it was not; that Defendants represented that the product had qualities, uses, and benefits, which it in fact did not have; and, that Defendants engaged in an unconscionable course of conduct, all to the detriment and damage of Plaintiffs herein.*

(emphasis added). Plaintiffs' original petition properly alleges the necessary elements to establish a DTPA claim: (1) the decedent was a consumer under the DTPA with respect to the Jenn–Air stove purchase; (2) Defendants committed false, misleading, or deceptive acts under § 17.46(b) of the DTPA, which were relied on by the decedent to his detriment; and (3) the act in question was a producing cause of the decedent's death. *See* Tex. Bus. & Com. Code Ann. § 17.50 (Vernon 2002). The courts have an obligation to consider all unchallenged factual allegations in Plaintiffs' petition as true. *McKee*, 358 F.3d at 329. Because Maytag failed to offer any "summary judgment-type evidence" from outside the pleadings to challenge Plaintiffs' factual assertions, Maytag failed to meet its heavy burden of demonstrating absolutely no possibility of recovery by Plaintiffs against Gerring and Factory Builders under the DTPA. Consequently, Gerring and Factory Builders remain parties, and the presence of the non-diverse parties deprives the court of jurisdiction over Plaintiffs' civil action. 28 U.S.C. § 1332(a)(1). Accordingly, the Court hereby

ORDERS that Plaintiffs' Motion Under 28 U.S.C. § 1447(c) for Remand and Demand for Jury Trial is GRANTED. The Court further

ORDERS that this case be REMANDED to Probate Court Number Two of Harris County, Texas.

---

§ 82.003 exceptions. Tex. Civ. Prac. & Rem.

Code Ann. § 82.003.