ACCEPTED
04-15-00327-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/2/2015 1:16:16 PM
KEITH HOTTLE
CLERK

Case No. 04-15-00327-CV

In the Court of Appeals of Texas
Fourth District

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

09/2/2015 1:16:16 PM

KEITH E. HOTTLE
Clerk

ERICK LOPEZ
Appellant

v.

ADAM HURON D/B/A ADAM'S MEXICAN FOOD PRODUCTS
Appellee

On Appeal from the
224th Judicial District Court of Bexar County, Texas
**Hon. Cathleen M. Stryker, Presiding**
Trial Court Cause No. 2012-CI-18827

APPELLANT'S BRIEF OF ERICK LOPEZ

JEREMY J. COOK
Texas Bar No. 24049709

DOWNS STANFORD, P.C.
2001 Bryan St., Suite 4000
Dallas, Texas 75201
Telephone: (214) 748-7900
Facsimile: (214) 748-4530
Email: jcook@downsstanford.com

**Oral Argument Requested**

## IDENTITIES OF PARTIES AND COUNSEL

| | |
|---|---|
| Trial Plaintiff/Appellee: | Adam Huron d/b/a Adam's Mexican Food Products |

Trial & Appellate Counsel for Adam Huron:
Paul T. Curl
Brittany M. Weil
CURL & STAHL, PC
700 North St. Mary's St
Suite 1800
San Antonio, Texas 78205

---

First Trial Defendant: A.J. Plastics, Inc.

Trial Counsel for A.J. Plastics, Inc.:
Lawrence L. Mealer
LAW OFFICE OF
LAWRENCE L. MEALER
Maple Plaza Law Center
5353 Maple Avenue
Suite 100
Dallas, Texas 75235

Appellate Counsel for A.J. Plastics, Inc.: n/a

---

Second Trial Defendant/Appellant: Erick Lopez

Trial Counsel for Erick Lopez:
Mark R. Murphy
Monica L. Ochoa
DAVIS & SANTOS
The Weston Centre
112 E. Pecan St., Suite 900
San Antonio, Texas 78205

Appellate Counsel for Erick Lopez:
Jeremy J. Cook
DOWNS & STANFORD, PC
2001 Bryan St, Suite 4000
Dallas, Texas 75201

# TABLE OF CONTENTS

Index of Authorities .................................................................................. ii

Statement of the Case ............................................................................. v

Issues Presented ................................................................................... vii

Statement of Facts ................................................................................... 1

Summary of the Argument ........................................................................ 5

Argument .................................................................................................. 7

    I.     Appellant Is Not Liable To Appellee For the Plastic Bags ......... 7

        A.    CPRC 82.003 Applies To This Case ............................... 7

        B.    Appellee Failed to Plead Or Prove Exception To § 82.003 ................................................................. 12

        C.    Appellee Waived Any Right Of Recovery From Appellant ................................................................ 12

        D.    Conclusion .................................................................. 14

    II.    Appellant Is Not Liable For The Attorneys Fees Appellee Incurred Prosecuting His Claims Against Appellant ................ 14

    III.   Appellee's Defensive Attorneys' Fees Require Remand ......... 16

        A.    Appellee Was Required to Segregate ........................... 16

        B.    Appellee Failed to Segregate ....................................... 18

        C.    Conclusion .................................................................. 19

Conclusion & Prayer ............................................................... 20

Certificate of Compliance ...................................................... 21

Certificate of Service ............................................................. 21

# TABLE OF AUTHORITIES

## Cases

*Alonso v. Maytag Corp.*,
356 F.Supp.2d 757 (S.D. Tex. 2005) ................................... 9, 10, 11, 12

*Bogamy v. Harrison Cnty.*,
No. 2:11-cv-88-JRG, 2012 WL 13557711 (E.D. Tex. Apr. 19, 2012) ...... 9

*Casas v. The Tire Corral, Inc.*, ........................................................
No. M-04-123, 2005 WL 6773889 (S.D. Tex. Mar. 31, 2005) .............. 11

*City of Denton v. Page*,
683 S.W.2d 180 (Tex.App.—Fort Worth 1985),
*reversed on other grounds,* 701 S.W.2d 831 (Tex. 1986) .................... 13

*Garcia v. LG Electronics USA Inc.*,
No. B-11-61, 2011 WL 2517141 (S.D. Tex June 23, 2011) ................... 9

*Garcia v. Nissan Motor Co.*,
No. M-05-59, 2006 WL 869944 (S.D. Tex. Mar. 30, 2006) .................... 9

*Green Int'l v. Solis*,
951 S.W.2d 384 (Tex. 1997) ............................................... 15

*Integrated of Amarillo, Inc. v. Kirkland*,
424 S.W.3d 131 (Tex.App.—Amarillo 2014, no pet.) ........................... 18

*Ramos v. Frito-Lay, Inc.*,
784 S.W.2d 667 (Tex. 1990) .............................................. 13

*Selexman v. Ford Motor Co.*,
No. H-14-1874, 2014 WL 6610904 (S.D. Tex, Nov. 20, 2014) ............... 8

*State Farm Lloyds v. Polaris Industrs., Inc.*,
No. 6-12-19, 2012 WL 3985128 (S.D. Tex. Sept. 11, 2012) .................. 9

*Tony Gullo Motors I, L.P. v. Chapa*,
   212 S.W.3d 299 (Tex. 2006) ......................................................16, 18-19

## **Statutes**

TEX. BUS. & COMM. CODE § 17.50(d) .................................................. 14, 15

TEX. CIV. PRAC. & REM. CODE § 38.001 ............................................... 14, 15

TEX. CIV. PRAC. & REM. CODE § 82.001(2) ...............................................11

TEX. CIV. PRAC. & REM. CODE § 82.001(3) .................................................7

TEX. CIV. PRAC. & REM. CODE § 82.003 .....................................................7

## **Rules**

TEX. R. CIV. P. 279 ..............................................................7, 12, 13

## STATEMENT OF THE CASE

This is a product liability case involving plastic bags, in which Appellee Adam Huron d/b/a Adam's Mexican Food Products, as Plaintiff below, sought money damages from A.J. Plastics, Inc., the manufacturer of the allegedly defective bags, and Appellant Erick Lopez, the seller of the bags.[1] Appellant Lopez, by way of counterclaims, sought money damages from Appellee relative to the time and expenses he committed to helping Appellee obtain a patent and arrange for the purchase of plastic bags from A.J. Plastics, Inc.[2] One such counter-claim involved the Texas Theft Liability Act (hereinafter "TLA").[3]

The jury found that the plastic bags that A.J. Plastics, Inc. manufactured and that Appellant provided to Appellee were not fit for the ordinary purposes for which they were to be used and were not suitable for a particular purpose of which Appellant had reason to know, but rejected all other claims against Appellant.[4] The jury found Appellee's damages to be $16,199.07, and apportioned 80% of the responsibility for Appellee's damages to A.J. Plastics, Inc., and 20% to Appellant.[5]

---

[1] C.R. 1-6.
[2] C.R. 7-14.
[3] C.R. 12.
[4] C.R. 19-24, 27-28.
[5] C.R. 29.

The jury rejected Appellant's counterclaims[6] and found Appellee's trial attorneys' fees to be in the amount of $30,000 for the prosecution of his affirmative claims against both defendants[7] and $20,000 for the defense of Appellee against Appellant's TLA counter-claim.[8] The jury also found that any appeal of Appellee's affirmative claims would cost Appellee up to $54,000 in appellate attorneys' fees and any appeal of Appellant's TLA counter-claim would cost Appellee up to an additional $54,000 in appellate attorneys' fees.[9]

On March 4, 2015, the Trial Court issued a Judgment consistent with the Jury's findings.[10]

---

[6] C.R. 18, 31-44.
[7] C.R. 30.
[8] C.R. 42.
[9] C.R. 30, 42.
[10] C.R. 48-53.

## ISSUES PRESENTED

1.   Did the trial court err in issuing a judgment that holds Appellant Erick Lopez liable to Appellee for damages caused by defective plastic bags where Appellee neither pleaded, nor proved, nor obtained a jury finding that Appellant's conduct falls within at least one of the exceptions in the "Non-Manufacturing Sellers Rule of Non-Liability" set out in Section 82.003 of the Texas Civil Practice and Remedies Code?

2.   If the answer to Issue No. 1 above is "yes," did the trial court err in issuing a judgment that holds Appellant Erick Lopez liable in the amount of $30,000 for the attorney's fees that Appellee has incurred and continues to incur relative to the prosecution of his affirmative claims?

3.   Did the trial court err in issuing a judgment that holds Appellant Erick Lopez liable to Appellee in the amount of $20,000 for the attorney's fees that Appellee *allegedly* incurred defending himself against Appellant's TLA counter-claim?

     The following sub-issues are key to this issue:

     a.   Was Appellee required to offer evidence segregating the attorneys' fees he incurred at the trial court (and may incur at the appellate levels) defending himself against Appellant's TLA counter-claim from those attorneys' fees he incurred at the trial court (and may incur at the appellate levels) defending himself against Appellant's other counter-claims, as to which Texas law does not allow for the shifting of attorneys' fees onto the non-prevailing party?

     b.   If the answer to Issue No. 3a above is "yes," did Appellee present sufficient testimony of segregation relative to his trial court and/or appellate level attorneys' fees?

## STATEMENT OF FACTS

Appellee makes and sells pre-formed gorditas and masa for making tamales, which he sells and distributes in plastic bags that he purchases.[11]

In April 2009, Appellee called Appellant and asked that he assist him in obtaining plastic bags for his business.[12] Appellant and Appellee reached an agreement that Appellant would provide Appellee with plastic bags.[13]

Appellee told Appellant the specifications for the bags he needed, including the quantity, size, colors, length, width and thickness of the plastic to be used.[14] Appellant made no express representations or warranties to Appellee about the plastic bags.[15]

Appellee knew that Appellant was going to have someone else manufacture the plastic bags, and Appellant never manufactured a single plastic bag.[16] In the June-August 2010 timeframe, Appellant contacted and passed Appellee's specifications to A.J. Plastics, Inc.,[17] which then manufactured the bags that Appellant ordered for Appellee.[18]

---

[11] R.R. Vol. 2, at 29:1-6; RR. Vol. 3, at 50:12-19.
[12] R.R. Vol. 3, at 53:13-22, 249:6-20.
[13] R.R. Vo. 3, at 85:25 – 86:8, 163:1-5.
[14] R.R. Vol. 3, at 54:1 – 56:9, 86:9 – 87:14.
[15] R.R. Vol. 3, at 136:7 – 137:12; R.R. Vol. 4, at 78:11 – 79:15; C.R. at 7, 8.
[16] R.R. Vol. 3, at 56:16-23, 102:17 – 103:2; R.R. Vol. 4, at 79:16-18.
[17] R.R. Vol. 4, at 83:17 – 84:1, 85:8-10, 17-20.
[18] R.R. Vol. 4, at 85:8-10, 17-20; R.R. Vol. 2, at 218:4-10.

From late 2010 through July 2011, pursuant to orders placed by Appellant, A.J. Plastics, Inc. sent several shipments of plastic bags that it had manufactured directly to Appellee.[19]

In November 2011, H-E-B, the grocery store chain, contacted Appellee and advised that a shipment of 1,695 cases of Masa Preparada, which H-E-B had purchased from Appellee, was defective in that many of the bags containing the masa were breaking at their seams.[20] H-E-B returned the entire shipment to Appellee, and Appellee replaced the shipment.[21] According to Rene Huron, Appellee's plant manager,[22] he inspected the returned shipment and found that the spilling of the masa out of the bags caused the masa to dry up, spoil and become inedible,[23] and, therefore, Appellee discarded or gave away (to farmers and others with animals) the entire returned shipment.[24]

H-E-B paid Appellee $19,373.85 for the shipment that was eventually replaced.[25]

---

[19] R.R. Vol. 7, Exs. 2 and 3; R.R. Vol 4, at 44:1-25, 48:9-18; R.R. Vol. 2, at 71:5-8, 233:10-18.
[20] R.R. Vol. 2, at 156:23 – 160:5, 48:8-24; 49:3-15.
[21] R.R. Vol. 2, at 164:1 – 165:4, 166:16-21, 55:23-25.
[22] R.R. Vol. 2, at 29:23-25.
[23] R.R. Vol. 2, at 46:12-21, 50:16 – 51:5; 52:10-14; 54:8 – 55:10.
[24] R.R. Vol. 2, at 55:2-22.
[25] R.R. Vol. 2, at 48:25 – 49:2.

Appellee claimed that replacing the defective shipment harmed him in the amount of $24,428.90, in which he included $19,373.85 for the "cost of the shipment to H-E-B" or the "merchandise return," $4,355.05 in overtime wages paid to his employees to repack the new shipment, and $700 in shipping costs.[26] Appellee's overhead in producing a shipment of masa is "80, 90%," so that his profit margin is only 10%.[27]

As of January 15, 2015, Appellee had incurred $49,965.08 in attorneys' fees, court costs and litigation expenses.[28] Appellee's attorney, Paul Curl, who testified on the issue of Appellee's attorneys' fees, indicated that as he was calculating Appellee's total fees at the trial court level, which would include the not-then-billed time and expense of the trial itself, he stopped calculating when he reached the sum of $70,000, "because the fees… [were] out of wack," and so he "leveled off… cut the fees to $50,000.00."[29] Without a basis, Mr. Curl then "attributed" $30,000 of the $50,000 to Appellees' claims against the defendants and the remaining $20,000 to the defense of Appellee against Appellant's counter-claims.[30]

---

[26] R.R. Vol. 2, at 55:23 – 60:5, 60:21 – 62:13.
[27] R.R. Vol. 3, at 115:8 – 116:13.
[28] C.R. Vol. 6, Exhibit 18.  [NOTE: Plaintiff's counsel's Invoice dated June 14, 2013 reflects payments from Appellant and A.J. Plastics, Inc. in the amounts of $1,000.00 and $900.00, respectively.]
[29] R.R. Vol. 3, at 196:16 – 199:8.
[30] R.R. Vol. 3, at 198:22 – 199:8.

Mr. Curl did **not** go through his firm's billing entries and determine the claim(s) to which each entry applied.[31] Mr. Curl opined that it was impossible to segregate the attorneys' fees Appellee incurred that were attributable to the defense of Appellant's separate counter-claims, on the basis that "the facts are closely intertwined" and "the work required to defend each of those claims advances the defense of all other claims."[32] Consistent with this opinion, Appellee offered no evidence of any kind segregating his non-recoverable defensive fees from his TLA defense fees.

Appellee filed his initial petition against Appellant on November 20, 2012, Appellant did not file his TLA counter-claim until August 21, 2013, and Appellee did not file his (only) answer to Appellant's counter-claims until October 30, 2014.[33] Within Appellee's attorney fee invoices there are only three time entries in which Appellant's counter-claims are expressly referenced, and two of them include multiple tasks so that it is impossible to ascertain how much time was spent on the counter-claims.[34] No single time entry expressly references the TLA or the TLA counter-claim.[35]

---

[31] R.R. Vol. 3, at 210:20 – 211:5.
[32] R.R. Vol. 3, at 209:2-11.
[33] C.R. at 67, 70 & 71. As of August 21, 2013, the date on which Appellant first filed his TLA counter-claim, Appellee had already incurred $12,134.74 in attorneys' fees, costs and expenses, none of which could possibly relate to the TLA counter-claim.
[34] R.R. Vol. 6, at Exhibit 18, at Bates numbers P0169, P0195 and P0277.
[35] R.R. Vol. 6, at Exhibit 18.

## SUMMARY OF THE ARGUMENT

The trial court erred in issuing a judgment that holds Appellant liable to Appellee for a 20% portion of the damages he incurred as a result of the defective plastic bags, because Appellee neither pleaded, nor proved, nor obtained a jury finding that Appellant's conduct falls within one of the enumerated exceptions set forth in the "Non-Manufacturing Sellers Rule of Non-Liability" found in Section 82.003 of the Texas Civil Practice and Remedies Code.

Because Appellee cannot recover against Appellant on his breach of warranty claims, he also cannot recover against Appellant for the attorneys' fees he incurred in prosecuting his breach of warranty claims against Appellant.

This Honorable Court of Appeals should reverse and render that portion of the trial court's judgment that holds Appellant liable to Appellee for a portion of the damages he incurred due to the defective plastic bags and that potion of the judgment that holds Appellant liable to Appellee for the attorneys' fees he incurred at the trial court and may incur at the appellate levels prosecuting his affirmative claims against Appellant and A.J. Plastics, Inc.

The trial court also erred in issuing a judgment that holds Appellant liable to Appellee for the attorneys' fees he incurred at the trial court defending himself against Appellant's TLA counter-claim, because Appellee presented no evidence segregating his TLA defense fees from his other defense fees.

This Honorable Court of Appeals should reverse that portion of the trial court's judgment that holds Appellant liable for the attorneys' fees that Appellee incurred defending himself against Appellant's TLA counter-claim and remand that issue back to the trial court for a hearing at which the appropriate value of Appellee's recoverable attorneys' fees can be determined subject to a proper segregation of Appellee's defensive attorneys' fees.

**ARGUMENT**

## I.  Appellant Is Not Liable To Appellee For The Plastic Bags

Appellee neither pleaded, nor proved, nor obtained a jury finding that Appellant's conduct falls within at least one of the enumerated exceptions in the "Non-Manufacturing Seller's Rule of Non-Liability" found at Section 82.003 of the Texas Civil Practice and Remedies Code.  As such, pursuant to Rule 279 of the Texas Rules of Civil Procedure, Appellee has waived any recovery from Appellant.

### A.  CPRC 82.003 Applies To This Case

Under Section 82.003 of the Texas Civil Practice and Remedies Code, "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of seven enumerated exceptions.[36]  Under Chapter 82, "seller" is defined as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."[37]

---

[36] TEX. CIV. PRAC. & REM. CODE § 82.003.
[37] *Id.* at § 82.001(3).

In this case, Appellee pleaded, proved and obtained a jury finding that Appellant was a seller or merchant of the plastic bags.[38]  Further, at trial, Appellant testified that he "never" manufactured a plastic bag.[39]  Also, Appellee knew that Appellant was going to have someone else manufacture the plastic bags,[40] and there was no evidence presented at trial that would suggest, even slightly, that Appellant manufactured the bags of which Appellee complained.  Based upon the **plain language** of Section 82.003, it cannot be reasonably argued in this Appeal that Appellant is not a "non-manufacturing seller" who cannot be held liable to Appellee unless Appellee obtained a finding that Appellant's conduct falls within one of Section 82.003's enumerated exceptions.

Further, case law supports the application of Section 82.003 to Appellee's claims against Appellant.  In *Selexman v. Ford Motor Co.*, the U.S. District Court for the Southern District of Texas denied Selexman's motion for remand, concluding that because he had not pleaded any exception under Section 82.003 against the dealership that had sold him the allegedly defective car, there was no reasonable basis to predict that he could prevail on his negligence claims against the dealership.[41]

---

[38] C.R. at 23.
[39] R.R. Vol. 4, at 79:16-18.
[40] R.R., Vol. 3, at 56:16-23, 102:17 – 103:2.
[41] No. H-14-1874, 2014 WL 6610904 (S.D. Tex, Nov. 20, 2014)(slip copy).

In reaching its decision, the *Selexman* Court cited to *State Farm Lloyds v. Polaris Industrs, Inc.*, in which the same court had, just two years earlier, denied remand to State Farm on the basis that State Farm had pleaded no viable cause of action against the dealership-defendant that had sold the vehicle to State Farm's subrogor-insured and then serviced it afterward.[42]   In so holding, the court acknowledged that "Texas federal courts have held that **any** theory of recovery pleaded against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a), **even if the allegations would otherwise state a valid claim under Texas law**."[43]

Appellee may argue that the decision in *Alonso v. Maytag Corp.*[44] supports his position that Section 82.003 is inapplicable to his claims against Appellant.  If so, Appellee's reliance on *Alonso* will be misplaced.

---

[42] No. 6-12-19, 2012 WL 3985128 (S.D. Tex. Sept. 11, 2012).

[43] *Id.* at *2 (citing *Alonso v. Maytag Corp.*, 356 F.Supp.2d 757, 761 (S.D. Tex. 2005), *Garcia v. Nissan Motor Co.*, No. M-05-59, 2006 WL 869944, at *6 (S.D. Tex. Mar. 30, 2006) and *Bogamy v. Harrison Cnty.*, No. 2:11-cv-88-JRG, 2012 WL 13557711, at *3 (E.D. Tex. Apr. 19, 2012))(emphasis added); *see also Garcia v. LG Electronics USA Inc.*, No. B-11-61, 2011 WL 2517141, at *2 (S.D. Tex June 23, 2011)("Specifically, section 82.003 provides **blanket protection** for nonmanufacturing sellers of products from liability for injuries caused by a defective product **unless one of the specified exceptions apply**." (emphases added)).

[44] 356 F.Supp.2d 757 (S.D. Tex. 2005).

In *Alonso*, the U.S. District Court for the Southern District of Texas granted the plaintiffs' motion to remand, holding that remand was required even though the plaintiffs' strict products liability and negligence causes of action were not viable since the plaintiffs had not pleaded any of the exceptions in Section 82.003, given that the plaintiffs had pleaded that the venue defendants committed certain "false, misleading, or deceptive acts" under Section 17.46(b) of the Texas DTPA and Maytag had failed to offer any evidence to challenge those factual allegations.[45]

Even though Appellee, like the *Alonso* plaintiffs, did allege and seek to prove DTPA claims against Appellant, *Alonso* is meaningfully distinguishable. While the *Alonso* plaintiffs and Appellee pleaded "false, misleading and deceptive acts" under Section 17.46(b) of the Texas DTPA, Appellee herein failed to obtain an affirmative jury finding that Appellant committed the alleged acts.[46] Further, while the *Alonso* plaintiffs did **not** allege any breach of an implied warranty, Appellee proved **only** that Appellant had breached the implied warranties of fitness for ordinary purposes and fitness for a particular purpose.[47]

---

[45] *Id.* at 762.

[46] *See* C.R. at 21, Jury's Verdict, Question No. 4, answered "no."

[47] *See id.* at 9-10, Jury's Verdict, Questions 6B and 7, both answered "yes." Notably, Appellee failed to obtain a jury finding that Appellant had breached an express warranty. (C.R. at 8).

Further, *Alonso*'s reasoning itself supports the application of Section 82.003 to Appellee's claims against Appellant. In determining that the plaintiffs had no viable strict products liability or negligence claims against the venue defendants, the *Alonso* Court specifically reviewed the definition of "products liability action" in Section 82.001.[48] The court noted that "strict products liability" and "negligence" are specifically included in Chapter 82's definition of "products liability action," and, therefore, Section 82.003 applied to the plaintiffs' strict products liability and negligence claims and the plaintiffs could only recover on such claims if they proved at least one of the exceptions in Section 82.003.[49]

Importantly, the phrase "breach of express or implied warranty" is also expressly included in Chapter 82's definition of "products liability action."[50] As such, under the logic in *Alonso*, Appellee was required to prove an exception within Section 82.003 in order to recover on his breach of warranty claims against Appellant.

---

[48] *Alonso*, 356 F.Supp.2d at 761; *see also Casas v. The Tire Corral, Inc.*, No. M-04-123, 2005 WL 6773889, at *2 (S.D. Tex. Mar. 31, 2005)(acknowledging that section 82.003 applied to plaintiffs' claims against the venue defendant, including breach of warranty, given that the claims "are encompassed in the definition of a 'products liability action' under § 82.001.").

[49] *Alonso*, 356 F.Supp.2d at 761.

[50] TEX. CIV. PRAC. & REM. CODE § 82.001(2).

**B.     Appellee Failed To Plead Or Prove Exception To § 82.003**

Appellee failed to meet his burden of pleading, proving and obtaining a jury finding that Appellant's conduct falls within at least one of the enumerated exceptions to immunity under Section 82.003.[51]

**C.     Appellee Waived Any Right Of Recovery From Appellant**

Rule 279 of the Texas Rules of Civil Procedure states that "[u]pon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived."[52]  Rule 279 then adds the following exception:

> When a ground of recovery… consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery…, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon… such omitted element or elements shall be deemed found by the court in such manner as to support the judgment.[53]

---

[51] C.R. at 1-6, 15-47.
[52] TEX. R. CIV. P. 279.
[53] *Id.*

Here, Appellant contends that the requisite elements to prove an exception within Section 82.003 stand alone, such that Appellee's failure to obtain any finding as to any such element constitutes a full waiver of any right of recovery against Appellant.

Appellee may argue that the elements to prove an exception within Section 82.003 should be viewed as "additional" and omitted elements that Appellee was required to prove in order to recover on his breach of implied warranty claims, such that Appellee is entitled under Rule 279's exception to have such omitted elements deemed as having been found by the trial court. If so, this argument will be without merit.

In *Ramos v. Frito-Lay, Inc.*, the Supreme Court of Texas acknowledged that "[w]here… issues are omitted which constitute only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and **they are supported by some evidence**."[54] Appellant acknowledges that "[s]uch a deemed finding need not be supported by a preponderance of the evidence but only by 'some evidence'."[55]

---

[54] 784 S.W.2d 667, 668 (Tex. 1990)(emphasis added).
[55] *City of Denton v. Page*, 683 S.W.2d 180, 205 (Tex.App.—Fort Worth 1985), *reversed on other grounds*, 701 S.W.2d 831 (Tex. 1986).

Thus, to invoke the exception, Appellee must show that there was at least some evidence meeting an exception of Section 82.003.

This he cannot do. At trial, there was <u>no evidence</u>, i.e., no more than a scintilla of evidence, presented that would show that Appellant's conduct relative to the provision of the subject plastic bags falls within one of the exceptions within Section 82.003. As such, Appellee is not entitled to have the omitted elements of any exception deemed as having been found to support the judgment.

### D. Conclusion

Based on the foregoing, this Honorable Court should reverse that portion of the judgment holding Appellant liable to Appellee for a portion of the damages he incurred due to the defective plastic bags and render that Appellee take nothing from Appellant in that regard.

## II. Appellant Is Not Liable For The Attorneys' Fees Appellee Incurred Prosecuting His Claims Against Appellant

Appellee sought to recover the attorneys' fees he incurred prosecuting his affirmative claims against both trial defendants under Section 38.001 of the Texas Civil Practice and Remedies Code and Section 17.50(d) of the Texas Business and Commerce Code.[56]

---

[56] C.R. at 4.

Section 38.001 and Section 17.50(d) **both** required that Appellee prevail on his claims in order to recover attorneys' fees.[57]

Because Appellee has not recovered on any claim listed among those in Section 38.001, he cannot recover attorneys' fees from Appellant under that statute. Likewise, because Appellee failed to plead, prove or obtain a jury finding meeting an exception within Section 82.003 and, therefore, (as argued above) cannot prevail on his breach of warranty claims against Appellant, he is unable to recover attorneys' fees from Appellant under Section 17.50(d) of the Texas DTPA.

Based on the foregoing, this Honorable Court should reverse that portion of the judgment holding Appellant liable to Appellee for the attorneys' fees he incurred at trial and may occur in this Appeal pursuing his claims against Appellant and render that Appellee take nothing from Appellant in that regard.

---

[57] TEX. CIV. PRAC. & REM. CODE S 38.001 (stating, "A person may recover reasonable attorney's fees… in addition to the amount of a **valid claim** and costs, if the claim is for" one of several types of claims. (emphasis added)); TEX. BUS. & COMM. CODE S 17.50(d) (stating, "Each consumer who **prevails** shall be awarded court costs and reasonable and necessary attorneys' fees." (emphasis added)); *see also*, *Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)(stating, "To recover attorneys' fees under §38.001, a party must (1) **prevail** on a cause of action for which attorney's fees are recoverable, and (2) **recover damages**."(emphases added)).

## III. Appellee's Defensive Attorneys' Fees Require Remand

Despite his obligation to do so, Appellee presented no evidence segregating the attorneys' fees he incurred defending himself against Appellant's TLA counter-claim (which allows fee-shifting to the prevailing party) from those he incurred defending himself against Appellant's other counter-claims (which do not allow fee-shifting). As such, this Honorable Court should reverse that portion of the trial court's judgment holding Appellant liable for $20,000 to Appellee relative to his un-segregated defensive attorneys' fees and remand the issue of Appellee's recoverable defensive attorneys' fees to the trial court for a hearing on same.

### A. Appellee Was Required To Segregate

In the seminal case of *Tony Gullo Motors I, L.P. v. Chapa*, the Supreme Court of Texas remanded the issue of the plaintiff's recoverable attorneys' fees back to the Beaumont Court of Appeals, stating as follows:

> [W]e reaffirm the rule that if any attorney's fees relate solely to a claim for which fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when **discrete legal services** advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.[58]

---

[58] 212 S.W.3d 299, 313-14 (Tex. 2006)(emphasis added).

The evidence Appellee presented at trial on the issue of his attorneys' fees consisted of invoices from his counsel and Attorney Curl's testimony.[59] Many of the time entries in the invoices are so general in content that it is impossible to determine whether they relate to Appellant's TLA counter-claim. Moreover, only three of the time entries from the invoices reference the counter-claims, two of them include other tasks and give no indication as to how much time was spent on the counter-claims, and no single time entry specifically references the TLA or Appellant's TLA counter-claim.[60] As a result, a review of the invoices provides no support for the argument that every discrete *defensive* legal service contained in the invoices advanced a defense for Appellee against all of Appellant's counter-claims.

Mr. Curl's testimony is also of little support to the argument. First, he admits that he did not review each of the time entries in the invoices to determine the claim(s) to which they applied.[61] Second, his opinion that the defense against one of the counter-claims advanced a defense of all of them is entirely conclusory, without any explanation.[62]

---

[59] R.R. Vol. 3, at 190:20 – 212:20; R.R. Vol. 6, at Ex. 18.
[60] R.R. Vol. 6, at Exhibit 18, at Bates numbers P0169, P0195 and P0277.
[61] R.R. Vol. 3, at 210:20 – 211:5.
[62] R.R. Vol. 3, at 209:2-11; *see also Integrated of Amarillo, Inc. v. Kirkland*, 424 S.W.3d 131, 135 (Tex.App.—Amarillo 2014, no pet.)("[E]ven if admitted without objection, an expert's bare unsupported conclusion amounts to no evidence and will not support a judgment.")(citations omitted).

Moreover, as in *Chapa*, when Appellee's attorneys were drafting his pleadings in response to the non-TLA counter-claims and drafting or reviewing proposed questions in the jury charge relating to the non-TLA counter-claims, "there is no question those fees were not recoverable."[63] It is, therefore, indisputable that some, if not much, of Appellee's defensive attorneys' fees were incurred for legal services having nothing to do with Appellant's TLA counter-claim. As such, segregation was required.

## B. Appellee Failed To Segregate

In *Chapa*, the supreme court explained that the Texas standard regarding segregation "does not require more precise proof… than for any other claims or expenses… [and] an opinion would have sufficed that, for example, 95 percent of [counsel's] drafting time would have been necessary even if there had been no fraud claim."[64]

Despite the relatively lenient standard, Mr. Curl failed to offer any explanation or discussion on the percentage of the time and effort put toward the TLA counter-claim, choosing instead to stand on his conclusory opinion that segregation of the defensive fees was impossible and, thus, not required.[65] Consistent therewith, when testifying on the issue of

---

[63] 212 S.W.3d at 313.
[64] *Id.* at 314.
[65] R.R. Vol. 3, at 209:2-10.

appellate attorneys' fees, Mr. Curl offered no opinions, explanation or discussion as to what an appeal of the TLA counter-claim would cost Appellee by way of attorneys' fees when compared to what an appeal of the non-TLA counter-claims would cost him.[66]

## C.    Conclusion

Because Appellee failed to meet his burden of presenting his trial and appellate defensive attorneys' fees in segregated figures, this Honorable Court should reverse that portion of the trial court judgment holding Appellant liable for Appellee's unsegregated defensive attorneys' fees and remand that issue back to the trial court for a hearing on same subject to a proper segregation.

---

[66] R.R. Vol. 3, at 204:2 – 206:8.

## CONCLUSION & PRAYER

Based upon the plain language of Section 82.003 and the case law discussed and cited herein, Appellee was required to plead and prove an exception in Section 82.003. Appellee did not do that, and, therefore, the trial court erred in holding Appellant liable to Appellee for a portion of his damages caused by the defective plastic bags. As a result, the trial court judgment should be reversed to the extent that it holds Appellant liable to Appellee relative to the plastic bags and to the extent that it holds Appellant liable to Appellee for the $30,000 that Appellee incurred in attorneys' fees prosecuting his claims against Appellant. It should then be rendered that Appellee take nothing from Appellant in these regards.

The trial court judgment should also be reversed to the extent that it holds Appellant liable for the $20,000 that the jury found Appellee had incurred defending himself against Appellant's TLA counter-claim, because Appellee failed to present any evidence segregating his recoverable defensive attorneys' fees from his non-recoverable defensive attorneys' fees. This Honorable Court should remand the issue of Appellee's recoverable defensive fees to the trial court so a hearing can be held to determine same subject to an appropriate segregation by Appellee.

## Certificate of Compliance

Pursuant to Rule 9.4(i) of the Texas Rules of Appellate Procedure, I hereby certify that this brief contains **4,151** words (exclusive of the portions exempted from the rule).

Signed on the **2nd** day of **September, 2015**.

/s/ *jeremy j. cook*
JEREMY J. COOK

## Certificate of Service

The undersigned certifies that a copy of this brief was served on the following counsel via e-filing in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure and this Court's Local Rules, on the **2nd** day of **September, 2015**:

*Trial and Appellate Counsel for Appellee Adam Huron*

Paul T. Curl
Brittany M. Weil
CURL & STAHL, PC
700 North St. Mary's St
Suite 1800
San Antonio, Texas 78205

*Trial Counsel for Trial Defendant A.J. Plastics, Inc.*

Lawrence L. Mealer
LAW OFFICE OF
    LAWRENCE L. MEALER
Maple Plaza Law Center
5353 Maple Avenue
Suite 100
Dallas, Texas 75235

/s/ *jeremy j. cook*
JEREMY J. COOK