Salvador RAMOS, Petitioner,

v.

FRITO–LAY, INC., Respondent.

No. C–8849.

Supreme Court of Texas.

Jan. 31, 1990.

Rehearing Overruled March 21, 1990.

Clinton F. Cross, El Paso, for petitioner.

Jack L. Brewster, El Paso, for respondent.

DOGGETT, Justice.

The central issue in this appeal is whether an employer may be held liable in exemplary damages for the actions of its management-level employee in performing a non-managerial task. The court of appeals reversed the trial court's award of exemplary damages in this cause because Frito–Lay's sales manager was not performing a managerial task. 770 S.W.2d 887. We reverse the judgment of the court of appeals and remand the cause to that court for consideration of points it did not reach.

Liability in the trial court was premised on the intentional tort of Jose Padilla, a Frito–Lay employee, resulting in injury to Petitioner Salvador Ramos. Padilla held the title of district sales manager and had supervisory authority over twelve sales employees. On the day of the incident in question, Padilla was substituting for one of these salesmen who was on vacation, as he was unable to secure a replacement. Padilla made a route stop at Sal's Beverage Shop, a convenience store owned and operated by Ramos. A dispute arose between Padilla and Ramos concerning the ownership of a display rack, and a shoving incident ensued in which Ramos was injured.

The jury found that Padilla had committed an assault and battery proximately

causing damage to Ramos and that Padilla was not deviating from the service of Frito–Lay in the furtherance of its business. The trial court entered judgment on the verdict, including an award for physical pain, medical expenses and exemplary damages. The court of appeals reversed as to medical expenses and exemplary damages but affirmed the trial court's award of damages for physical pain.

■ We must first consider whether error has been properly preserved. Ramos contends that Frito–Lay has waived its right to complain of the exemplary damage award because it failed to make specific objection in the trial court as to premising such award on Padilla's managerial capacity as required by Rule 52(a), Texas Rules of Appellate Procedure. Frito–Lay responds, not by pointing to a specific objection preserving error, but by contending that it was Ramos' burden to obtain affirmative jury findings on all elements necessary to predicate liability for exemplary damages. Since Ramos failed to submit issues as to managerial capacity, Frito–Lay asserts it had no obligation to object.

There can be no question that it was Ramos' burden to obtain affirmative answers to jury questions as to the necessary elements of his cause of action. If an entire theory were omitted from the charge it would be waived; and Frito–Lay would indeed have no duty to object. Tex.R. Civ.P. 279; *see Strauss v. LaMark,* 366 S.W.2d 555, 557 (Tex.1963). Where, however, issues are omitted which constitute only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and they are supported by some evidence. Tex.R.Civ.P. 279; *see Strauss,* 366 S.W.2d at 557.

Here, the jury found that Padilla committed an intentional tort while in the scope of his employment and awarded exemplary damages against Frito–Lay. The trial court's judgment included an award for exemplary damages. Although the question of whether Padilla was employed in a managerial capacity and acting in the scope of his employment constituted an element of Ramos' cause of action, it did not encompass an independent ground of recovery. *See Treasure City v. Strange,* 620 S.W.2d 811, 813 (Tex.Civ.App.—Dallas 1981, no writ). Objection by Frito–Lay to the omission of the element of managerial capacity was thus necessary to prevent a deemed finding against it. *See Accent Builders Co. v. Southwest Concrete Systems, Inc.,* 679 S.W.2d 106, 110–11 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Frito–Lay did not object, nor did it request specific findings by the trial court. If the omitted element of managerial capacity is supported by some evidence, we must deem it found against Frito–Lay under Rule 279. *See Payne v. Snyder,* 661 S.W.2d 134, 142 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.); *Freedom Homes of Texas, Inc. v. Dickinson,* 598 S.W.2d 714, 717 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

■ We then turn to the question of whether the omitted element is supported by some evidence. The rule is well settled in Texas that an employer may be held liable in exemplary damages for the acts of an employee who is "employed in a managerial capacity and was acting in the scope of employment." *King v. McGuff,* 149 Tex. 432, 435, 234 S.W.2d 403, 405 (1950); *see also Purvis v. Prattco, Inc.,* 595 S.W.2d 103, 104 (Tex.1980); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 630 (Tex.1967). In applying this rule to the facts of this case, the court of appeals found there was no evidence to support the exemplary damage award, stating that "the controlling factor is that at the time of the incident in question, Mr. Padilla was not performing the tasks of a sales manager, he was driving a delivery van and performing the usual task of a route salesman." 770 S.W.2d 889–90. Under the court of appeals' formulation, it is the character of the employee's act, managerial or non-managerial, and not simply whether the employee was acting in the scope of employment that determines whether exemplary damages are recoverable.

We disagree and hold that an employer may be held liable in exemplary damages for the actions of its management-level employee in performing a non-managerial task. The Texas rule set forth in *King v. McGuff* quotes the language now contained in Section 909(c) of the Restatement (Second) of Torts. The purpose of the rule permitting exemplary damages to be imposed upon an employer for the acts of its employee is to serve "as a deterrent to the employment of unfit persons for important positions." Restatement (Second) of Torts § 909, comment b (1979). To permit an employer to escape liability for the outrageous acts of its management-level employee because the employee was performing a non-managerial task would severely undercut this purpose. Moreover, we are unwilling to draw a distinction, unsupported by the Restatement or by case law, between managerial and non-managerial tasks. This line is a very grey one indeed. In this case, Padilla testified that it was his responsibility to find someone to cover for the vacationing route salesman or to cover for the salesman himself. Padilla can be described as performing the ordinary duties of a non-managerial employee in driving the delivery van and making sales, yet he can also be described as performing the often necessary managerial duty of stepping into the breach when required. He retained his title of district sales manager and his supervisory authority over twelve employees at the time he was performing these tasks. The record contains evidence to support the deemed finding that Padilla was employed in a managerial capacity and was acting in the scope of his employment.

We reverse the judgment of the court of appeals and remand the cause to that court for consideration of points it did not reach.