OPINION ON REHEARING
ANDELL, Justice.
We grant appellant’s motion for rehearing, deny appellees’ motion for rehearing, withdraw our opinion of August 24, 1995, and issue this opinion in its stead.
The issue in this case is whether appellant, Burlington Northern Railroad Company, can be held jointly and severally liable for punitive damages with Barnard Transfer Services, a company that it hired to clean up a sodium chlorate spill. We affirm in part, and reverse and render in part.
I. Background
In February 1990, a train owned by Burlington Northern Railroad Company (Burlington) derailed two miles from Emhouse, Texas. One of the derailed cars contained sodium chlorate. Burlington contacted Batter Barnard, president of Barnard Transfer Services (Barnard), and hired Barnard to clean up the sodium chlorate. Barnard’s assignment was to load the sodium chlorate from the derailed railroad car onto its trucks, drive the trucks to a site two miles away in the town of Emhouse, dump the chemicals onto the ground, and then load the sodium chlorate into a railroad car parked on the train tracks at that location. The site chosen to transfer the sodium chlorate was next to a building occupied by Catherine Taylor and her family, including the minor plaintiff, Joshua Richards.
After the Barnard workers left the transfer site, Joshua and two of his friends began playing in the pile of sodium chlorate and were soon covered from head to toe with the hazardous material. The children and their parents sued Burlington and Barnard for injuries suffered as a result of their exposure to sodium chlorate.
II. Plaintiffs’ right to punitive damages from Burlington
In its first point of error, Burlington contends the trial court erred by holding it jointly and severally liable with Barnard for the punitive damage awards.
After a jury trial, both Burlington and Barnard were found liable, each was assessed 50 percent comparative liability, and actual damages of $167,500 were awarded. The jury also found that Barnard was grossly negligent and awarded $25,000 in punitive damages to each of the three minor plaintiffs. The jury further found that Burlington was not grossly negligent and assessed no punitive damages against Burlington. Nonetheless, on entering final judgment the trial court held Burlington jointly and severally liable with Barnard for the punitive damage awards.
*14 The general rule is that there is no joint and several liability for punitive damages. See Tex.Civ.PRAC. & Rem.Code Ann. § 41.005 (Vernon 1986). However, a corporation may be held liable for the acts of its agent or employee if the plaintiff proves:
1. The existence of a master/servant or principal/agent relationship;
2. a malicious, intentional, willful or grossly negligent act of the servant or agent; and
3. gross negligence of the master or principal based upon one of the following acts or omission by the corporation:
(a) it authorized the doing and manner of the act, or
(b) it recklessly employed an unfit person who committed the act, or
(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
(d) the corporation ratified or approved the tortious act.
King v. McGuff, 234 S.W.2d 403, 405 (Tex.1950); Durand v. Moore, 879 S.W.2d 196, 202 (Tex.App.—Houston [14th Dist.] 1994, no writ); Al Parker Buick v. Touchy, 788 S.W.2d 129, 130 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding).
In this case, the jury found that the first two elements were present, ie., Barnard was Burlington’s agent and Barnard committed a grossly negligent act. However, the jury found that the third element was not present when it determined that Burlington was not grossly negligent.
The issue of Burlington’s gross negligence was submitted to the jury in a broad form question.[1] No instructions or questions on the four factors listed in King were submitted to the jury. As stated above, one of those four factors must be present before a principal may be held liable for the tortious act of its agent. Thus, a jury finding that one of the four factors is present in the case is a necessary predicate for imputing liability for punitive damages to Burlington.
Appellees argue, and apparently the trial court agreed, that under Ramos v. Frito-Lay, Inc., 784 S.W.2d 667 (Tex.1990) the missing factor could be deemed found. In Ramos, Frito-Lay’s employee committed an assault and battery. Id. at 667-68. The jury found that the employee had committed an intentional tort while in the scope of his employment and awarded punitive damages against Frito-Lay. Id. at 668. However, there was no jury finding that the employee was employed in a managerial capacity. Id. The supreme court held that where issues are omitted which constitute only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and they are supported by some evidence. Id.
The present case is distinguishable from Ramos. In Ramos, punitive damages were awarded against the employer by the jury, but the charge did not include a question upon which to base an award of punitive damages. The charge did not have a question to establish whether or not the employee was acting in a managerial capacity, which is one of the circumstances that will give rise to a finding of gross negligence against an employer under King. Because there was some evidence to support the omitted finding, the court deemed it found. However, in the present case the jury refused to award punitive damages against Burlington Railroad.
This is not an omitted element case. The element of Burlington’s gross negligence was submitted to the jury through a broad form question that encompassed all four of the King factors. The question submitted was broad enough to encompass any direct acts of negligence that Burlington may have committed, as well as any negligence in employing, supervising, or controlling Barnard’s tor-tious acts, ie., the King factors.
*15 Furthermore, the plaintiffs were allowed to argue that Burlington was negligent because it “had the right to control the means and details of handling the sodium [chlorate] .... ” The plaintiffs also argued to the jury that Burlington was negligent because it hired and could have fired Barnard. Thus, even though there was no instruction on the King factors, the appellees were allowed to argue that Burlington was grossly negligent because of the existence of at least three of the King factors (authorizing the doing and manner or the act, employing an unfit person, and approving the tortious act). The jury’s refusal to find Burlington grossly negligent negates the existence of all King factors, as well as any other acts of gross negligence.
If the jury had found that Burlington was grossly negligent, but the four King factors were omitted from the charge, a deemed finding would be appropriate if there was some evidence to support the finding. However, this Court cannot deem any of the King factors found without disregarding the jury’s negative finding on the issue of Burlington’s gross negligence, and creating a conflict in the verdict. Because the trial court improperly disregarded the negative finding on Burlington’s gross negligence and held it jointly and severally hable for the punitive damage awards, we sustain Burlington’s first point of error.
III. Jury charge error
In a related cross-point, the plaintiffs argue that the trial court erred by refusing to submit jury questions on two of the King factors. The plaintiffs tendered questions regarding two of the King factors: (1) whether Burlington authorized the manner in which Barnard handled, stored, and loaded the sodium chlorate, and (2) whether Burlington ratified or approved the manner in which the sodium chlorate was handled, stored, loaded or transferred. The trial court refused to put either question in the charge.
As we stated earlier, the plaintiffs were allowed to argue their theory that Burlington was grossly negligent because of Barnard’s tortious actions under the broad form question submitted to the jury. The jury rejected that theory. Thus, even if we assume that the trial court erred by refusing to submit the questions, we find such error harmless. Marling v. Maillard, 826 S.W.2d 735, 739 (Tex.App.—Houston [14th Dist.] 1992, no writ).
We overrule the plaintiffs’ cross-point one.
The discussion of the remaining points of error does not meet the criteria for publication, TexR.App.P. 90, and is thus ordered not published.
The judgment is affirmed in part, reversed and rendered in part, and reformed in part.

. Was such negligence of Burlington Northern Railroad Company "gross negligence?”
"Gross negligence” means more than momen-taiy thoughtlessness, inadvertence, or error of judgment. It means such an entire want of care as to establish that the act or omission in question was the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by it.
Answer "Yes" or "No.”
NO