Billy James HEISER, Appellant,

V.

ECKERD CORPORATION, Appellee.

No. 2–98–100–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 19, 1998.

Harrison, Steck, Hoover & Drake, P.C., Stephen D. Harrison, Fort Worth, for Appellant.

Thompson & Knight, Robert P. Crumpler, Jr., Dallas, Jennifer P. Henry, Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal from the trial court's entry of summary judgment in favor of Eckerd Corporation, appellee, in a defamation suit. Appellant, Billy James Heiser, contends the trial court erred in granting Eckerd's motion for summary judgment. Because no genuine issue of material fact exists as to whether the statement made by Eckerd to Frito–Lay is true and because appellant presented no evidence showing that Eckerd's store manager was acting within the course and scope of her employment when she allegedly made defamatory statements, we affirm the trial court's judgment.

## FACTS

Heiser was employed by Frito–Lay Corporation. As part of his duties, Heiser delivered and stocked Frito–Lay products at local retail outlets. In October of 1996, while servicing an Eckerd store, Heiser removed some outdated products and took them to his truck. However, he failed to print a credit voucher before leaving the store. Eckerd maintains a strict policy that route salesmen, such as Heiser, may not remove items without first crediting the store. David Carter, Eckerd's district manager, noticed that Heiser had not complied with its company's policy and confronted him. Although Heiser explained and offered to correct his actions, Carter instructed the store manager, Joyce Nemitz, to report Heiser to Frito–Lay. Carter barred Heiser from servicing Eckerd's account, and Frito–Lay subsequently terminated him.

Several months later, Nemitz attended a Texas Rangers baseball game with friends. During the game, she discovered that Tony Eno, a friend, might employ Heiser. She told Eno that "[he] better watch out because if he [Heiser] stole from us [Eckerd], he will steal from you."

## PROCEDURAL HISTORY

Heiser filed a defamation suit claiming that Eckerd's statements to Frito–Lay were false, and that Eckerd employees had intentionally repeated false statements that Heiser had stolen from Eckerd. Eckerd moved for summary judgment contending: There was no genuine issue of material fact regarding the truth of the statements made by Eckerd to Frito–Lay; as a matter of law, the statements made to Frito–Lay were privileged; and appellant presented no evidence showing Eckerd's employee was within the course and scope of her employment when she allegedly made defamatory statements to others not involved in the incident. Without specifying the grounds for its decision, the trial court granted Eckerd's motion for summary judgment.

## GENERAL SUMMARY JUDGMENT REVIEW

■ Because the trial court's order granting summary judgment does not delineate the grounds on which it was granted, we must consider whether any of the grounds set forth in the motion will support the judgment. We must affirm if any of the theories advanced support the judgment. *See Star–*

*Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). When the court's judgment rests on more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex.App.—Fort Worth 1994, writ denied).

█ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). To successfully move for summary judgment, a defendant must negate one or more elements of the plaintiff's case or establish all elements of its defense. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

### STATEMENTS TO FRITO–LAY

### TRUTH

█ In a defamation claim, a plaintiff must plead and prove that a false statement was published to a third person without legal excuse. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995); *AccuBanc Mortgage Corp. v. Drummonds*, 938 S.W.2d 135, 147 (Tex.App.—Fort Worth 1996, writ denied) Heiser pled that Carter, an Eckerd employee, either called or caused another employee to call Frito–Lay. Without identifying the employee or the statements made in the telephone conversation, he claims the employee insinuated that he had stolen from Eckerd.

Eckerd filed a motion for summary judgment that included Heiser's deposition and his written statement of the event. Eckerd also included deposition excerpts from Keith Romere, Heiser's supervisor at Frito–Lay, and from Nemitz, the store manager who contacted Frito–Lay. Nemitz's deposition shows that she informed Frito–Lay that Heiser had removed merchandise from the store without authorization. There were no accusations that Heiser had stolen the merchandise or committed any other crime. Romere's deposition is consistent with Nemitz's statements. He states that after reviewing Heiser's written account of the incident, Nemitz's telephone statement was consistent with Heiser's own written account regarding the events.

Heiser argues that Nemitz's statement "[You] better watch out because if he [Heiser] stole from us [Eckerd], he will steal from you" is false. In support, he references Nemitz's and Carter's depositions stating they did not believe that Heiser had stolen from Eckerd. However, Nemitz made this statement to Eno, Heiser's current employer, not Frito–Lay. Heiser never challenged the truthfulness of statements made by Eckerd to Frito–Lay. Thus, Heiser failed to create a fact issue on the truth of the statements made to Frito–Lay, an essential element of his defamation claim.

### PRIVILEGE

In its summary judgment motion, Eckerd claimed the affirmative defense of "privilege" as to any alleged defamatory statements made by Eckerd employees to Frito–Lay. Because we have already determined that Heiser admitted the truthfulness of these statements, we do not reach the issue of privilege as to these statements.

### NEMITZ'S STATEMENT TO ENO

█ Nemitz's statement to Eno at the baseball game was the only statement that Heiser challenges as false. Eckerd argues that even if such a statement was false, Nemitz could not be considered to be within the course and scope of her employment when she made the statement, and, therefore, no liability can be imposed on Eckerd, her employer. Heiser asserts that Eckerd has the burden to prove Nemitz was outside the course and scope of her employment.

█ Although Nemitz did not act at Eckerd's direction, an employer may be liable for the actions of its employees, even if the specific act is unauthorized or contrary to express orders, so long as the act is done while the employee is acting within her gen-

eral authority and for the benefit of the employer. *See Hooper v. Pitney Bowes, Inc.*, 895 S.W.2d 773, 777 (Tex.App.—Texarkana 1995, writ denied) (citing *Ramos v. Frito–Lay, Inc.*, 784 S.W.2d 667 (Tex.1990)). While both parties agree that Eckerd would be liable if Nemitz acted within the course and scope of her job, the parties disagree as to who has the burden of proof.

## SUMMARY JUDGMENT RULE 166a(i)

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. *See* TEX.R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *See id.* The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See id.* The nonmovant may raise a genuine issue of material fact by showing that a reasonable jury could return a verdict in the nonmovant's favor. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986) (interpreting FED.R.CIV.P. 56) [1]; *see also* TEX.R. CIV. P. 166a(i) cmt (stating that the response "need only point out evidence that raises a fact issue on the challenged elements").

In its motion for summary judgment, Eckerd argues that Heiser failed to adduce any evidence that Nemitz's statement was in the course and scope of her employment. Heiser responds that Eckerd's authorization instructing Nemitz to report the incident to Heiser's employer, Frito–Lay, was, in fact, authorization to communicate Heiser's performance to any employer. Heiser contends the burden shifted to Eckerd to produce summary judgment evidence regarding the circumstances and context in which the statement was made. In other words, he argues that he has raised a genuine issue of fact by challenging the scope of Nemitz's authority, and that Eckerd now has the burden to prove Nemitz was outside the course and scope of her employment. See TEX.R. CIV. P.

166a(i). Heiser argues that "there is no summary judgment evidence relating to the circumstances and context in which the statement ... was made."

Heiser's response is inadequate to defeat a "no-evidence" summary judgment motion under new Rule 166a(i). Once properly raised, Rule 166a(i) employs a no-evidence standard and places the burden on the non-movant to produce evidence on each and every challenged element of his claim. Heiser presented no summary judgment evidence establishing that Nemitz's authority extended beyond the phone call to Frito–Lay. Heiser's assertion that Eckerd broadly granted Nemitz authority to communicate with all his future employers is merely conclusory and such statements, standing alone, do not raise a fact issue. *See In re American Home Prods. Corp.*, 985 S.W.2d 68, 74 (1998) (orig.proceeding). It was Heiser's burden to produce evidence that the statement Nemitz made to Eno was within the course and scope of Nemitz's employment and not Eckerd's burden to prove that it was beyond the scope. Heiser failed to create a fact issue on this element, and, therefore, summary judgment regarding Nemitz's statement to Eno under Rule 166a(i) was proper.

## CONCLUSION

Because Heiser did not challenge the truthfulness of the statements made by Eckerd to Frito–Lay, we hold summary judgment for Eckerd was appropriate as to those statements. Additionally, we hold that because Heiser's response to Eckerd's no-evidence summary judgment motion failed to produce a fact issue regarding whether Nemitz was within the course and scope of her employment when she made her statement to Eno, summary judgment for Eckerd was also appropriate as to this statement. Having found that summary judgment in favor of Eckerd under Rule 166a was proper, we affirm the trial court's judgment.

1. Like Rule 166a(i), Federal Rule 56(e) provides that summary judgment is appropriate when the non-movant fails to produce evidence of a genuine fact issue for trial.