Opinion issued March 6, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00204-CV

———————————

## MARIBEL WOODARD, Appellant

## V.

## MCDONALDS' CORPORATION AND HK MANAGEMENT, INC. D/B/A MCDONALD RESTAURANT #07097, Appellees

---

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2013-58383

---

## MEMORANDUM OPINION

Maribel Woodard sued McDonalds' Corporation and HK Management, Inc. d/b/a McDonald Restaurant #07097 for premises liability. The jury found no fault by Woodard or HK Management. In three issues on appeal, Woodard argues the

trial court abused its discretion by failing to include McDonalds' Corporation in the jury charge.

We affirm.

## Background

Woodard fell on a wheelchair ramp outside of a McDonald's restaurant owned and operated by HK Management on December 4, 2011. She filed suit against McDonalds' Corporation and HK Management on September 30, 2013. The case went to trial.

The trial court prepared the jury charge. The charge asked the jury whether the negligence of HK Management or Woodard proximately caused Woodard's injury. McDonald's Corporation was not included in any of the questions and was not mentioned in the instructions. During the charge conference, the following exchange occurred:

The Court: . . . . So, with that . . . what says plaintiff to the charge?

[Plaintiff's attorney]: I have no objections to the charge.

THE COURT: All right. . . .

[Defendants' attorney]: I'm sorry. I missed that.

THE COURT: He said he had no objections.

[Plaintiff's attorney]: I have no objections.

[Defendants' attorney]: You have no objections?

[Plaintiff's attorney]: No.

2

The jury returned the verdict, answering that neither the negligence of HK Management or Woodard proximately caused Woodard's injury.

**Analysis**

In three issues, Woodard argues that the trial court abused its discretion by failing to include McDonalds' Corporation in the jury charge. The record shows, however, that Woodard waived any errors in the charge.

Failure to timely object to error in a jury charge constitutes a waiver of that error. TEX. R. CIV. P. 272. "Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." TEX. R. CIV. P. 274; *see Burbage v. Burbage*, 447 S.W.3d 249, 255–58 (Tex. 2014) (holding party waives any objection to jury charge by failing to raise specific objection to proposed submission); *Hamid v. Lexus*, 369 S.W.3d 291, 296 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (same). Moreover, when a party represents to the trial court that she has no objection to the charge, any error is waived. *See Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 304 (Tex. App.—Houston [14th Dist.] 1995, no writ) (holding party asserting it has no objection to charge is estopped from raising complaint about charge on appeal). Because she asserted that she had no objection to the jury charge, Woodard waived her right to complain about the charge on appeal.

In her brief, Woodard intimates that the trial court was required to *sua sponte* include McDonalds' Corporation in the charge independent of her objections. For support, Woodard relies on rules 277 and 278 of the Texas Rules of Civil Procedure and section 33.003 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 277, 278; TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (West 2015).

Rule 277 of the Texas Rules of Civil Procedure requires the trial court to submit questions in broad form whenever feasible and to submit instructions and definitions necessary to enable the jury to render a verdict. TEX. R. CIV. P. 277. Rule 278 provides, "The court shall submit the questions, instructions and definitions in the form provided by Rule 277, which are raised by the written pleadings and the evidence." TEX. R. CIV. P. 278. Even so, the rules also expressly provide that failure to object to the charge waives any error that may exist. TEX. R. CIV. P. 272. A plaintiff waives any complaint by failing to object even if an entire theory of recovery is missing from the charge. *Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667, 668 (Tex. 1990).

Section 33.003 of the Texas Civil Practice and Remedies Code requires a jury to apportion responsibility between the parties for torts. CIV. PRAC. & REM. § 33.003(a). It does not alter the responsibility of the parties to object to errors or omissions in the charge. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000)

(holding, if there is discrepancy between applicable law and jury charge, jury charge controls when no objection has been made).

We overrule Appellant's three issues.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Keyes, and Higley.