**Affirm in part, reverse in part, remand; Opinion Filed April 22, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00901-CV

**MICHAEL ZIEHL, Appellant**
**V.**
**TORNADO BUS COMPANY, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-10314**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Michael Ziehl appeals the trial court's final judgment reducing his damages

award based on Tornado Bus Company's and Rafael Luviano's claim for

contribution. The trial court entered judgment after an eight-day trial wherein the

jury considered competing claims asserted by two drivers who were involved in a

two-vehicle collision, the drivers' employers, and the passengers in one car. The

jury found one driver, Ziehl, to be thirty-five percent responsible for the collision

and the other driver, Luviano, to be sixty-five percent responsible. The jury also

found Ziehl sustained personal injuries as a result of the collision and determined

the monetary amount of his damages; the jury determined the passengers in the vehicle he drove also sustained personal injuries and determined the monetary amount of their respective damages. In the final judgment, the trial court reduced Ziehl's recovery due to Tornado's and Luviano's claimed right to contribution.

On appeal, Ziehl argues Tornado failed to establish its entitlement to contribution for five independent reasons: (1) Ziehl is a "settling party" as that term is defined in chapter 33 of the Texas Civil Practice and Remedies Code; (2) Ziehl is not a person "who is liable to the claimant for a percentage of responsibility" as that phrase is used in section 33.016(b); (3) Tornado failed to obtain a jury finding as required by section 33.016(c); (4) Tornado failed to plead a claim for contribution against Ziehl; and (5) any existing contribution claim was settled.[1] Neither party challenges the sufficiency of the evidence.

We reverse the trial court's judgment in part and remand the cause to the trial court for entry of judgment consistent with this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Michael Ziehl, Peter Hernandez, and Jose Aguilar worked for SCR Construction Company, Inc. On July 15, 2015, Ziehl was driving a vehicle in which Hernandez and Aguilar were passengers. Their vehicle was involved in a collision with a bus driven by Rafael Luviano who was employed by Tornado.

---

[1] Ziehl's statement of Issues Presented does not align with the issues as discussed and organized in the body of his brief. We consider Ziehl's issues as presented in the body of his brief.

### A.    Pleadings

Ziehl sued Luviano and Tornado on September 3, 2015, in Dallas County. Ziehl alleged negligence and negligence per se against both defendants as well as negligent hiring, training, supervision, retention, monitoring, and entrustment against Tornado. Ziehl also asserted Tornado was vicariously liable for Luviano's actions. Tornado and Luviano generally denied the allegations and pleaded "for comparative negligence and/or contributory negligence as such remedies are set forth in Chapters 32 and 33 of the Texas Civil Practice & Remedies Code."

Luviano filed a separate negligence lawsuit against Ziehl and SCR Construction Company in another county; that suit was consolidated with the action in Dallas County. Jose Aguilar and Peter Hernandez (Intervenors) filed a petition in intervention in the Dallas County lawsuit alleging negligence and gross negligence against Luviano and negligent entrustment and negligent hiring, supervision, and training against Tornado. Tornado and Luviano generally denied the allegations and pleaded "and invoke[d] any and all rights and remedies for comparative negligence and/or contributory negligence as such remedies are set forth in Chapter 32 and 33 of the Texas Civil Practice & Remedies Code." Intervenors did not assert claims against Ziehl or SCR Construction Company.

### B.    Jury Verdict & Final Judgment

The case proceeded to a jury trial in October 2018. In response to Question 1, the jury concluded Luviano's and Ziehl's negligence proximately caused the

vehicle collision and also determined Tornado and SCR Construction Company were not negligent. The jury proceeded to Question 2, which states:

> For each person you found caused or contributed to cause the occurrence, [2] find the percentage of responsibility attributable to each:
>
> 1. Tornado Bus Company      _____%
>
> 2. Rafael Luviano      _____%
>
> 3. SCR Construction Company, Inc.      _____%
>
> 4. Michael Ziehl      _____%

The jury found Luviano was sixty-five percent responsible and Ziehl was thirty-five percent responsible. In response to subsequent questions, the jury assessed damages for Ziehl and Intervenors.

After two hearings and post-trial briefing, the trial court entered its final judgment. The final judgment orders Tornado and Luviano are entitled to contribution from Ziehl for thirty-five percent of all amounts awarded to each Intervenor. The final judgment also reduced Ziehl's recovery by thirty-five percent. This appeal followed.

## II. JURY INSTRUCTION

Ziehl argues the trial court erred by awarding Tornado contribution rights because the jury was not instructed as required by section 33.016 of the civil practice and remedies code. Section 33.016(c) requires the trier of fact determine each

---

[2] The charge defines "occurrence" as "the incident that occurred on July 15, 2015[,] that is the subject of this suit."

contribution defendant's percentage of responsibility. *See generally* TEX. CIV. PRAC. & REM. CODE § 33.016(c). Tornado contends the jury's response to Question 2, the apportionment question, did exactly what the statute requires and, "while the question may have functioned as a proportionate responsibility question for Ziehl's claims as a plaintiff, that same question functioned as a separate determination of responsibility among the liable defendants and the contribution defendants."

## A.    Standard of Review

Determining necessary and proper jury instructions is a matter within the trial court's discretion, and appellate review is for abuse of that discretion. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009). One way in which a trial court abuses its discretion is by failing to follow guiding rules and principles. *Id.*

While we review jury instructions for an abuse of discretion, statutory construction is a question of law reviewed de novo. *Sunstate Equip. Co., LLC v. Hegar*, 601 S.W.3d 685, 689 (Tex. 2020). When determining the meaning of a statute, our purpose is to effectuate the Legislature's intent by giving effect to every word, clause, and sentence. *Id.* at 689-90. "Therefore, to distill the meaning of a statute, we start with its text and the plain meaning of its words construed within the statute as a whole." *Id.* at 690.

A judgment will not be reversed on appeal on the ground the trial court made an error of law unless the court of appeals concludes the error probably caused the

rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1.

### B. Proper Jury Charge

A trial court must, when feasible, submit a cause to the jury by broad-form questions. *Hawley*, 284 S.W.3d at 855 (citing TEX. R. CIV. P. 277). The trial court also is required to give "such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX. R. CIV. P. 277. An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *Hawley*, 284 S.W.3d at 855-56. A jury charge submitting liability under a statute should track the statutory language as closely as possible, although it may be altered to conform to the case and a court should not burden the jury with surplus instructions. *See Regal Fin. Co., Ltd. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 601 (Tex. 2010).

The burden to secure proper findings to support a theory of recovery is on the plaintiff, and "a plaintiff who fails to satisfy that burden waives that claim." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 481 (Tex. 2017) (citing TEX. R. CIV. P. 279 ("Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived.")). A "defendant has no obligation to complain about a plaintiff's omission of an independent theory of recovery." *Id.* "If an entire theory were omitted from the charge it would be waived; and [the defendant] would indeed

have no duty to object." *Id.* (quoting *Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667, 668 (Tex. 1990)).

### C.  Analysis

Although Ziehl maintains Tornado failed to plead a contribution claim against him, we need not resolve that argument.  For purposes of this appeal, we will assume without deciding that Tornado pleaded a claim for contribution against Ziehl.  *See* TEX. CIV. PRAC. & REM. CODE § 33.016(a).  As such, Tornado assumed the roll of plaintiff with respect to its contribution claim and, therefore, had the burden to secure proper findings to support that theory of recovery.  *See Levine*, 537 S.W.3d at 481.

It is uncontested that no jury instruction pursuant to section 33.016(c) was requested and none was given.  *See* TEX. CIV. PRAC. & REM. CODE § 33.016. Tornado maintains it was not required to do so because Question 2 fulfilled the statute's requirement that a jury determine each contribution defendant's percentage of responsibility.

Section 33.016(c) states:

> The trier of fact shall determine as a separate issue or finding of fact the percentage of responsibility with respect to each contribution defendant and these findings shall be solely for the purposes of this section and Section 33.015[3] and not as a part of the percentages of responsibility determined under Section 33.003.[4]  Only the percentage of

---

[3] Section 33.015, titled Contribution, addresses a defendant who is jointly and severally liable with at least one other defendant and has paid more than its share of the plaintiff's damages.  *See* TEX. CIV. PRAC. & REM. CODE § 33.015.

[4] Section 33.003, titled Determination of Percentage of Responsibility, states:

responsibility of each defendant and contribution defendant shall be included in this determination.

*Id.* When used in a statute, the word "shall" is generally understood as a mandatory term that creates a duty or condition. *See AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 709 (Tex. 2018); *compare* TEX. GOV'T CODE § 331.016(2) ("'Shall' imposes a duty.") *with* TEX. GOV'T CODE § 331.016(1) ("'May' creates discretionary authority or grants permission or a power.").

Using the word "shall" three times in section 33.016(c), the Legislature specifically and clearly imposed an obligation on the trier of fact to make a separate finding of the percentage of responsibility for each contribution defendant. The finding must be solely for the purpose of section 33.016 and cannot be part of the percentage of responsibility determined pursuant to section 33.003. *See* TEX. CIV. PRAC. & REM. CODE § 33.016(c). Additionally, the statute requires that only the

---

(a) The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:

    (1) each claimant;

    (2) each defendant;

    (3) each settling person; and

    (4) each responsible third party who has been designated under Section 33.004.

TEX. CIV. PRAC. & REM. CODE § 33.003(a).

defendant and contribution defendant be included in this percentage of responsibility determination. *See id.*

In this case, the jury was not asked to make a section 33.016 determination, and Tornado did not request a jury instruction pursuant to section 33.016.[5] Although the jury was asked about the percentage of responsibility, if any, attributable to Tornado, Luviano, SCR Construction Company, and Ziehl in Question 2, Question 2 was given pursuant to section 33.003. Section 33.016 specifically states the section 33.003 determination may not be used when making the section 33.016 determination. Additionally, Question 2 lists the names of four parties (Tornado, Luviano, SCR Construction Company, and Ziehl) and is not limited to the defendant and contribution defendant as required by section 33.016. Question 2 does not satisfy the requirements of section 33.016(c). Using Question 2 to satisfy section 33.016(c) would necessitate ignoring the plain language of the statute, which violates the principles of statutory construction.

Tornado argues that Question 2 functionally "did exactly as the statute requires—from the perspective of the contribution claim." We need not assess Tornado's argument in this instance because we are not empowered to ignore the clear statutory language and determine whether, in this particular case, one question

---

[5] The Texas Pattern Jury charge provides the following question for use when a claim is made against a contribution defendant: "With respect to causing or contributing to cause in any way the [*occurrence*] [*injury*] [*occurrence or injury*] to *Paul Payne*, find the percentage of responsibility, if any, attributable as between or among–" the listed contribution defendants. STATE BAR OF TEXAS, TEXAS CIVIL PATTERN JURY CHARGES PJC 4.4.

–9–

could serve the purposes of sections 33.003 and 33.016. "[O]ur purpose is to effectuate the Legislature's intent by giving effect to every word, clause, and sentence." Ignoring the Legislature's mandate requiring separate questions would be inconsistent with the principles of statutory interpretation.

The statute is clear: the jury must be given a separate question pursuant to section 33.016. In this case, Tornado did not request a section 33.016 question, and the trial court did not charge the jury pursuant to section 33.016. Because the statute makes the question mandatory and the question was neither requested nor given, we conclude the theory of recovery is waived and Tornado is not entitled to contribution from Ziehl.

### III.    HARMLESS ERROR

Tornado argues that even if all of Ziehl's arguments on appeal are meritorious, Ziehl cannot prevail in this appeal because any error is harmless. The judgment awards contribution rights to Tornado and Luviano, but Ziehl's brief only discusses error as to Tornado. Therefore, Tornado argues, by failing to challenge the judgment as to Luviano, Ziehl's recovery will still be reduced by the contribution award in favor of Luviano. We disagree.

In recent years, the Texas Supreme Court has "firmly mandated that courts broadly construe issues to encompass the core questions and to reach all issues subsidiary to and fairly included within them." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 480 (Tex. 2019) (citing *Ditta v. Conte*, 298

S.W.3d 187, 190 (Tex. 2009); TEX. R. APP. P. 38.9 ("Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with [briefing rules] is sufficient....")); *see also St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020) (issue statement "will be treated as covering every subsidiary question that is fairly included.")(quoting TEX. R. APP. P. 38.1(f)). The supreme court instructed that its "mandate must be applied reasonably, yet liberally, so that the merits of an appeal are addressed whenever reasonably possible." *Rohrmoos Venture*, 578 S.W.3d at 480 (quoting *Ditta*, 298 S.W.3d at 190) (internal quotation marks omitted).

Following the supreme court's mandate, we conclude that, fairly subsumed in Ziehl's briefing, is the challenge to the trial court's judgment awarding contribution to all parties who failed to secure a statutorily required jury instruction. *See id.* Not only did Tornado and Luviano each fail to request or obtain the section 33.016 jury instruction, but the judgment against Tornado stems from the finding of liability against Luviano, its employee, and Luviano's claimed contribution rights are intertwined with Tornado's. While Ziehl did not discuss the error as to Luviano in his brief, the error as to Luviano is exactly the same as it is to Tornado; neither defendant was entitled to contribution because the statutorily required jury instruction was not requested or given. The arguments made by Ziehl on this issue apply equally to Luviano and Tornado, and the responsive arguments made by

–11–

Tornado in its appellate brief apply equally to Luviano. There were no special considerations related only to Luviano that were not before this Court as a result of Ziehl's failure to name Luviano in this appeal.

Were we to affirm the judgment on the basis that Ziehl did not appeal the judgment as to Luviano, we would be putting form over substance, and we reject "any form-over-substance approach." *See id.* By broadly construing Ziehl's third issue to encompass the core questions and to reach all issues subsidiary to and fairly included within it, we conclude Ziehl's briefing is sufficient to challenge the contribution rights awarded to both Tornado and Luviano.

Contrary to Tornado's argument, we conclude the contribution award is an error of law that caused the rendition of an improper judgment. The trial court's judgment erroneously awards Tornado and Luviano contribution rights against Ziehl and reduces Ziehl's recovery accordingly. Because the error caused the rendition of an improper judgment, we reverse that portion of the trial court's judgment awarding contribution rights to Tornado and Luviano. *See* Tex. R. App. P. 44.1.

IV. CONCLUSION

We sustain Ziehl's third issue. Tornado and Luviano are not entitled to contribution because they failed to obtain a section 33.016(c) jury finding. Because this issue is dispositive of the appeal, we need not address the other arguments Ziehl raises in his brief. *See* Tex. R. App. P. 47.1.

We reverse the trial court's judgment in so far as it awards contribution rights to Tornado and Luviano.  In all other respects, we affirm the trial court's judgment. We remand this cause to the trial court to enter judgment consistent with this opinion.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190901F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL ZIEHL, Appellant

No. 05-19-00901-CV     V.

TORNADO BUS COMPANY,
Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-15-10314.
Opinion delivered by Justice Nowell.
Justices Molberg and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's judgment in so far as it awards contribution rights to Tornado Bus Company and Rafael Luviano. In all other respects, we **AFFIRM** the trial court's judgment. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Michael Ziehl recover his costs of this appeal from appellee Tornado Bus Company.

Judgment entered this 22nd day of April, 2021.