# Supreme Court of Texas

---

No. 22-0889

---

Oscar Renda Contracting, Inc.,

*Petitioner*,

v.

Theodis Bruce, Maria Bruce, Virginia Cordova, Sergio Cordova, Victor Corral, Jose Dominguez, Magdalena Juarez, Bernarda Lopez, Elisa Negrete, Maria Reyes, Luis Velazquez, Jose Valdez, Antonio Salgado, Maria Salgado, and Iris Jordan,

*Respondents*

---

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

---

**Argued February 1, 2024**

JUSTICE BLAND delivered the opinion of the Court.

Civil Practice and Remedies Code Section 41.003 permits a judgment for exemplary damages only if "the jury was unanimous" in deciding "the amount of exemplary damages."[1] In this construction dispute, the jury rendered its verdict on the agreement of ten of the

---

[1] Tex. Civ. Prac. & Rem. Code § 41.003(d).

twelve jurors. The jury was not unanimous. A poll of the jury confirmed this vote, with two jurors indicating their disagreement with the verdict. Accordingly, the trial court rendered judgment omitting exemplary damages.

The court of appeals reversed, holding that unanimity as to exemplary damages could be implied despite a verdict certificate demonstrating a divided verdict. In the court's view, the juror disagreement reflected in the verdict form could have stemmed from an extraneous answer not involving exemplary damages, so the verdict certificate was not definitive in demonstrating a divided verdict. The court further held that it was the defendant's burden to confirm the divided verdict and that the defendant's objection to a judgment awarding exemplary damages was untimely and insufficiently preserved the issue.

We reverse the court of appeals' judgment and reinstate the trial court's judgment. Under Section 41.003, a court may not imply a unanimous jury finding in imposing exemplary damages. The burden to secure a unanimous verdict is on the plaintiff and "may not be shifted."[2]

## I

The City of El Paso developed a stormwater project that included a drainage pipeline from Interstate 10 to the Rio Grande. The City engaged Petitioner Oscar Renda Contracting, Inc., to build the pipeline. As constructed, the pipeline passes through the San Marcial neighborhood. During construction, several San Marcial homeowners

---

[2] *Id.* § 41.003(b).

experienced noise, strong vibrations, and shifting soil. As a result, their homes sustained damage. The homeowners sued Renda Contracting for negligence and gross negligence, alleging that its misuse of heavy equipment and faulty construction techniques caused the damage. The homeowners sought actual damages to restore their properties and exemplary damages based on gross negligence.

The trial court charged the jury with these questions intended to support exemplary damages:

- Question 1 asked: "Did the negligence, if any, of *Oscar Renda Contracting* proximately cause the injury in question?"

- Question 7 asked: "Do you find by clear and convincing evidence that the harm to *Plaintiffs* resulted from gross negligence?" This question further instructed the jury that it must be unanimous to answer "Yes." It also instructed the jury not to answer the question unless it was unanimous in finding Renda Contracting negligent in Question 1.

- Question 8 asked: "What sum of money, if any, should be assessed against *Oscar Renda Contracting* and awarded to *Plaintiffs* as exemplary damages for the conduct found in response to Question 1?"

Question 8 omitted instructions that (1) exemplary damages must be based on clear and convincing evidence and (2) the amount of exemplary damages must be based on a unanimous vote.[3] Absent these critical

---

[3] *See id.* § 41.003(b), (d), (e); Tex. R. Civ. P. 226a; *see also* Comm. on Pattern Jury Charges of the State Bar of Tex., Texas Pattern Jury Charges: General Negligence, Intentional Personal Torts & Workers' Compensation PJC 4.2, 28.7 (2020). Both the statute and Rule 226a provide special instructions for exemplary damages, including one on unanimity: "You are instructed that you must unanimously agree on the amount of any award of exemplary

instructions, the jury was left with general instructions that exemplary damages could be based on a preponderance of the evidence (instead of clear and convincing evidence) and by a 10–2 vote (instead of a unanimous one).[4] Neither party objected to the omission of a unanimity instruction for Question 8.

In addition, Rule of Civil Procedure 226a requires a special verdict form for exemplary damages.[5] The special verdict form confirms that the jury was unanimous as to all questions imposing liability, damages, and the amount of exemplary damages. The trial court did not submit a special verdict form; neither party objected to its absence.

The jury found Renda Contracting negligent and grossly negligent and awarded $75,000 per home—totaling $825,000—in exemplary damages. The jury certified: "Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below." A jury poll confirmed that two jurors did not agree with the verdict. Neither party asked for clarification of the verdict, and the trial court discharged the jury.

---

damages." Tex. R. Civ. P. 226a note ("Jury Instructions Prescribed by Order Under Rule 226a").

[4] The charge generally instructed the jurors that a "'yes' answer must be based on a preponderance of the evidence" unless they were "told otherwise." Regarding unanimity, the instructions said: "Unless otherwise instructed, the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 to 12 jurors must agree on every answer."

[5] This additional certificate must be patterned as follows: "I certify that the jury was unanimous in answering the following questions. All 12 [6] of us agreed to each of the answers. The presiding juror has signed the certificate for all 12 [6] of us." Tex. R. Civ. P. 226a note.

The homeowners proposed a judgment that included exemplary damages. Renda Contracting objected. Because the jury verdict was not unanimous, it argued, the verdict did not support a judgment for exemplary damages. Agreeing with Renda Contracting, the trial court rendered judgment excluding exemplary damages, and the homeowners appealed.

A divided court of appeals reversed, holding that the trial court erred in excluding exemplary damages from the judgment.[6] The court of appeals acknowledged that such an award requires a unanimous verdict, but it concluded that Renda Contracting had waived any complaint to the imposition of exemplary damages. First, it found Renda Contracting's objection to the judgment formally deficient. Because a "trial court cannot disregard a material jury finding on its own initiative—it can do so only on a written motion," the court of appeals held that Renda Contracting should have filed a motion to disregard the verdict under Rule 301, not an objection to the homeowners' proposed judgment.[7] Absent such a motion, it held, the trial court "lacked authority to disregard jury findings on exemplary damages."[8] Second, the court of appeals concluded that Renda Contracting bore the burden to clarify that the jury was not unanimous. Thus, Renda Contracting "was required to lodge an objection pursuant to rule 295 of the Texas Rules of Civil Procedure before the jury was discharged."[9]

---

[6] 657 S.W.3d 453, 468 (Tex. App.—El Paso 2022).

[7] *Id.* at 461 (citing Tex. R. Civ. P. 301).

[8] *Id.* at 462.

[9] *Id.* at 463.

5

Finally, the court postulated that the jury could have been unanimous in awarding exemplary damages but divided in answering questions about other claims not essential to a finding of exemplary damages; thus, the jury's certification of its divided verdict was insufficient to preclude the court from deeming unanimity as to exemplary damages.[10]

The dissenting justice would have held that the burden to secure a unanimous verdict was on the homeowners as the parties seeking to impose exemplary damages.[11] We granted Renda Contracting's petition for review.

## II

The parties disagree about who bears the burden to demonstrate a verdict's unanimity. Renda Contracting contends it is the plaintiff's burden under governing law. Even if Renda Contracting had that burden, it further contends, the jury certified in this case that the verdict was not unanimous, and a demonstrably divided verdict shows that the jury was not unanimous in reaching its verdict. The homeowners respond that the burden to prove unanimity falls upon a defendant dissatisfied with the verdict and that Renda Contracting failed to timely and properly object to the charge, which did not require unanimity, by waiting until the homeowners moved for a judgment including exemplary damages.

---

[10] *Id.* at 464.

[11] *Id.* at 468 (Alley, J., dissenting).

We review de novo the statutory standards of recovery for exemplary damages and the legal effect of a jury's verdict.[12] First, we examine the standards governing recovery of exemplary damages under Section 41.003 of the Civil Practice and Remedies Code. Applying those standards, we conclude that a party seeking exemplary damages bears the burden of securing a unanimous verdict. Second, we determine whether Renda Contracting appropriately raised the unanimity requirement in the trial court. We conclude that it did.

## A

Civil Practice and Remedies Code Chapter 41 governs damages in civil cases. Section 41.001(5) defines "[e]xemplary damages" as "any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages are neither economic nor noneconomic damages. 'Exemplary damages' includes punitive damages."[13]

Section 41.003, in turn, governs the "Standards for Recovery of Exemplary Damages."[14] Two of these standards decide the outcome of this case. First, "[e]xemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages."[15] Second, "[t]he claimant must prove by clear and

---

[12] *See Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) ("The scope of a procedural rule is a question of law, which we review de novo by applying the same canons of construction applicable to statutes.").

[13] Tex. Civ. Prac. & Rem. Code § 41.001(5).

[14] *Id.* § 41.003.

[15] *Id.* § 41.003(d).

convincing evidence the elements of exemplary damages as provided by this section. This burden of proof may not be shifted to the defendant or satisfied by evidence of ordinary negligence, bad faith, or a deceptive trade practice."[16] To further emphasize that a unanimous verdict is required, Section 41.003(e) mandates a unanimity charge instruction: "You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous."[17]

Section 41.003 answers who bears the burden of securing a unanimous verdict. It is the claimant, the party seeking exemplary damages, who must secure proof of the elements of exemplary damages "as provided by this section."[18] While a unanimous verdict is not an element of a claim to be proved by clear and convincing evidence, it is a "standard[] for recovery" that the statute provides must be met; thus, the burden of establishing it "may not be shifted to the defendant."[19]

We reached a similar conclusion in *Zorrilla v. Aypco Construction II, LLC*.[20] In that case, we held that a defendant had no burden to plead

---

[16] *Id.* § 41.003(b).

[17] *Id.* § 41.003(e). Rule 226a patterns this unanimity instruction for findings of (1) negligence; (2) gross negligence; and (3) the amount of exemplary damages awarded. Tex. R. Civ. P. 226a (requiring compliance with jury instructions prescribed by the Texas Supreme Court). Rule 226a further requires a separate verdict certification attesting that the jury was unanimous in each of its answers required to support exemplary damages. *Id.* at 226a note (documenting the jury instructions required by the Supreme Court).

[18] Tex. Civ. Prac. & Rem. Code § 41.003(b).

[19] *Id.*

[20] 469 S.W.3d 143 (Tex. 2015).

8

or prove as an affirmative defense that the exemplary damages awarded exceeded the statutory cap and thus must be reduced as part of the judgment.[21] We stressed that "the defendant bears no burden of establishing the cap's applicability; it either applies or it does not."[22] Just as exemplary damages "may not exceed" the statutory limit,[23] a judgment may not award such damages without unanimous jury findings as to "liability for and the amount of exemplary damages."[24]

**B**

In concluding that Renda Contracting had the obligation to demonstrate that the verdict *was not* unanimous, the court of appeals improperly shifted the burden. The burden was instead on the homeowners to demonstrate that the verdict *was* unanimous.

Renda Contracting's objection to the motion for a judgment requesting exemplary damages was sufficient to raise the issue. Renda Contracting filed a written pleading objecting to a proposed judgment for exemplary damages, specifically identifying the jury's lack of unanimity. The issue was thus properly before the trial court—and, in fact, Renda Contracting prevailed on this issue.[25]

---

[21] *Id.* at 157–58.

[22] *Id.* at 157.

[23] Tex. Civ. Prac. & Rem. Code § 41.008(b).

[24] *Id.* § 41.003(d).

[25] *See Zorrilla*, 469 S.W.3d at 158 (holding that the defendant properly raised application of the statutory cap limiting exemplary damages in a motion for new trial).

The court of appeals was incorrect to require a motion to disregard the jury's verdict under Rule of Civil Procedure 301.[26] First, our Court has consistently held that we examine the substance of a motion or pleading rather than requiring the formality of a title or reference to a specific rule to determine whether an issue was properly before the trial court.[27] Second, Renda Contracting did not seek to disregard the verdict as a Rule 301 motion contemplates; instead, Renda Contracting relied on the verdict to show that the jury was not unanimous as Section 41.003 requires.

A divided verdict does not support unanimity. It supports the opposite conclusion. Because the plaintiff bears the burden to secure unanimity, it is the plaintiff who must seek clarification to the extent that it asserts that the divided verdict inaccurately reflects the jury's vote as to a particular question. The court of appeals erred in concluding

---

[26] Rule 301 provides:

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence.

Tex. R. Civ. P. 301.

[27] *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 441 (Tex. 2023); *see also In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) ("We have stressed that 'courts should acknowledge the substance of the relief sought despite the formal styling of the pleading.'" (quoting *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011))); Tex. R. Civ. P. 71.

that it was Renda Contracting's burden to seek further clarification of the divided verdict under Rule of Civil Procedure 295.[28]

The homeowners further contend that errors in the court's charge required the trial court to deem the verdict unanimous as to exemplary damages despite the divided verdict. Deemed findings may be appropriate when the evidence supports an omitted element of a claim on which the plaintiff has prevailed.[29] However, deemed-finding principles, which look to the evidence for support, do not apply to determining the strength of the jury's verdict—unanimous or divided. Nor do deemed findings apply in situations in which a jury finding indicates the opposite of the element sought to be deemed.[30] The jury

---

[28] "If the purported verdict is defective, the court may direct it to be reformed." Tex. R. Civ. P. 295. Rule 295 permits a trial court to inform the jury of a defect, incompleteness, or inconsistency in the verdict and "retire the jury for further deliberations" to cure the issue. *Id.*

The homeowners argue that Renda Contracting, as the party dissatisfied with the verdict, had the burden to obtain clarification about the jury's unanimity. *See Lewis v. Tex. Emps.' Ins. Ass'n*, 246 S.W.2d 599, 601 (Tex. 1952). While the jury awarded exemplary damages, only a *unanimous* jury could do so successfully. Without a unanimous finding, the trial court could not award exemplary damages. The homeowners thus are the party dissatisfied with the divided verdict.

[29] Tex. R. Civ. P. 279; *see, e.g.*, *Ramos v. Frito-Lay, Inc.*, 784 S.W.2d 667, 668 (Tex. 1990). An element of a claim that is omitted from a jury charge must be deemed in favor of the judgment if (1) no objection is made to its absence and (2) some evidence supports the omitted element. *Id.*

[30] Rule 279 explains that omitted elements may be deemed found only when "one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to *and found by* the jury." Tex. R. Civ. P. 279 (emphasis added); *see also Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866, 875 (Tex. 2017) (listing the jury's finding of other elements of the claim as a requirement to reach a deemed elemental finding). A court cannot assume an outcome that is the

11

certified that it was divided. And a divided jury verdict does not support exemplary damages.

The homeowners similarly misplace their reliance on *Osterberg v. Peca*.[31] That case is often cited for the rule that "it is the court's charge, not some other unidentified law, that measures the sufficiency of the evidence when the opposing party fails to object to the charge."[32] The homeowners argue that a divided verdict suffices in this case because the charge failed to instruct the jury that it had to render a unanimous verdict, and Renda Contracting did not object to the omission. According to the homeowners, the jury properly awarded damages based upon a 10–2 vote because the jury charge permitted a 10–2 vote for exemplary damages and Renda Contracting did not object.

The *Osterberg* line of authority evaluates the legal sufficiency of the evidence according to the law given in the charge when no objection is raised.[33] But a reviewing court does not measure unanimity by

---

opposite of the jury's findings; the same is true when the evidence conclusively establishes that the element is not met. *See Sw. Energy Prod. v. Berry-Helfand*, 491 S.W.3d 699, 713 (Tex. 2016) (explaining that evidence is legally insufficient when "evidence of a vital fact is completely absent" or "the evidence establishes conclusively the opposite of the vital fact"); *see also Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 564 (Tex. 2002) ("The court of appeals misapplied Rule 279 to deem a finding, not to support the trial court's judgment, but to render a new judgment for actual damages in an amount nearly fifteen times the trial court's award.").

[31] 12 S.W.3d 31 (Tex. 2000).

[32] *Id.* at 55.

[33] Other cases the homeowners rely upon are similarly inapposite. In *Fitzerman v. Classic Americana, LLC*, the trial court confirmed unanimity. No. 05-15-00528-CV, 2016 WL 1450165, at *10 (Tex. App.—Dallas Apr. 13, 2016, no pet.) ("[I]n any event, the record reflects that when the jury returned its

examining the evidence presented—a jury is either divided in its verdict or it is not. For this reason, the homeowners are mistaken in contending that Renda Contracting's failure to object to the omission of the unanimity instruction in the charge "waives any complaint concerning the absence of unanimity in Question 8."[34] Unanimity cannot be a deemed finding in the face of a non-unanimous verdict. Because the statutory burden to obtain unanimous findings belongs to the party seeking exemplary damages, that party must ensure that the charge asks questions that satisfy this requirement. It would shift the burden, not satisfy it, if a failure to object to a charge that does not satisfy the statute eliminated the unanimity requirement.

Though the jury was not properly instructed that any amount of exemplary damages awarded must be unanimously found, nothing in the charge precluded a unanimous verdict. Jury verdicts are often unanimous even when they need not be. The standard verdict certificate, given in this case, contemplates as much in requiring only the foreperson to certify to a unanimous jury.[35] The charge as given did not disallow a unanimous verdict—it merely increased the likelihood

---

verdict, the trial court inquired whether the verdict was unanimous, and the jury answered in the affirmative."). In *Murphy v. American Rice, Inc.*, the law at the time did not require unanimous jury findings to award exemplary damages. No. 01-03-01357-CV, 2007 WL 766016, at *21 (Tex. App.—Houston [1st Dist.] Mar. 9, 2007, no pet.) ("[T]he exemplary-damages statute that applied to this case did not require unanimity for such damages to be assessed.").

[34] *See* Tex. R. Civ. P. 272, 274.

[35] *See* Tex. R. Civ. P. 226a note (providing that "only the presiding juror signs the verdict" when the verdict is unanimous).

that the jury would render a verdict that would not support a claim for exemplary damages.

*     *     *

The trial court correctly declined to award exemplary damages in its judgment because the jury rendered a divided verdict. Under Section 41.003, the plaintiff bears the burden to obtain the findings necessary to impose exemplary damages, including that the jury is unanimous as to any amount of exemplary damages awarded. It is the plaintiff who must challenge a divided verdict as infirm or in need of clarification. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

 

Jane N. Bland
Justice

**OPINION DELIVERED:** May 3, 2024